■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAVERIO MAIMONE, Alias "SALVATORE MARVONE", Alias "SIBBIE", Appellant.— Appeal from a judgment of the County Court, Kings County, rendered April 22, 1958, sentencing appellant to serve from 2½ to 5 years, after he had been found guilty by a jury of being an accessory to a felony (Penal Law, § 2). Judgment unanimously affirmed. Appellant, Thomas Akel, Salvatore Giordano, Robert Douglas Williams and five others were indicted for being accessories to a felony (Penal Law, § 2) in that, after one Basile had committed the felony of unlawfully possessing narcotic drugs, appellant and his codefendants, acting in concert and aiding and abetting each other and pursuant to a common plan or scheme, harbored, concealed and aided Basile with intent that he might avoid and escape from arrest, trial, conviction and punishment, with knowledge and reasonable grounds to believe that Basile had committed said felony. Under the charge of the court, to which there was no exception and which thus was the law of the case, the evidence was sufficient to justify the finding implicit in the jury's verdict that Basile, the principal witness against appellant and his codefendants, was not an accomplice. His testimony, therefore, did not require corroboration as provided by section 399 of the Code of Criminal Procedure, and the proof was sufficient to sustain the verdict. Considerable evidence was received, as to transactions between Basile and the defendants other than appellant, involving the illegal possession and sale of narcotics. There was no claim that appellant took any part in such transactions or even had any knowledge of them. This evidence was properly received as against those defendants who

were directly connected with these transactions, even though such transactions had no relation to the felony as to which such defendants were accused of being accessories, since it tended to establish as against them that they were busily engaged with Basile in the traffic in narcotics and had a motive for aiding him to escape capture and prosecution for the original felony which he had committed, so that their business relations with him might continue (cf. *People* v. *Molineux*, 168 N. Y. 264, 294; *People* v. *Fitzgerald*, 156 N. Y. 253) and also tended to establish the means by which they aided Basile to remain at large. It was for the jury to determine, under the charge of the court, to which there was no exception, whether this evidence could be considered against appellant as proof of a continuing conspiracy, originated by appellant and others, to harbor and aid Basile, even though appellant did not know of all of the details of the acts committed during the conspiracy, or the identity of all of his co-conspirators. Moreover, most of the evidence now complained of was admitted without objection, and, although some immaterial and irrelevant evidence as to the details of the narcotics traffic was improperly admitted over objection, it was no more prejudicial to appellant's rights than the other evidence to which no objection was made. It was not error, under the circumstances here disclosed, to refuse to accept the concession tendered by appellant and a codefendant, that Basile had committed the felony charged in the indictment and to permit proof thereof by the People. The record does not clearly establish that the concession was offered on behalf of all defendants, and in any event appellant appears to have acquiesced in the trial court's ruling. The concession was offered only for the purpose of saving time, and no objection was made to proof that Basile had committed the felony, on the grounds that it was immaterial and unnecessary in view of the concession. Comments by the prosecutor in summing up that Basile's testimony was uncontradicted and unimpeached were improper, since much of that testimony could not have been contradicted unless appellant had testified in his own defense (cf. *People* v. *Watson*, 216 N. Y. 565; *People* v. *Forte*, 277 N. Y. 440; *People* v. *Fitzgerald*, 156 N. Y. 253, *supra*; *People* v. *Minkowitz*, 220 N. Y. 399). However, the trial court correctly and satisfactorily charged the provisions of section 393 of the Code of Criminal Procedure. That being so, it is our opinion, although we do not condone the prosecutor's conduct, that reversal is not required, in view of the fact that appellant's guilt was clearly established (*People* v. *Watson*, *supra*, pp. 569–570; *People* v. *Priori*, 164 N. Y. 459; Code Crim. Pro., § 542). Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ.