■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LA BRAKE, Appellant.—Appeal from a judgment of the County Court of Rensselaer County, rendered April 8, 1975, upon a verdict convicting defendant of arson in the fourth degree and criminal mischief in the third and fourth degrees. The charges against the defendant arose out of the burning of an unoccupied automobile on September 7, 1974 at about 1:15 A.M. Sergeant Ryan of the United States Army, standing in the street at the time, noticed two people running toward him and then, as the two people ran past him, observed the fire. Sergeant Ryan alerted a nearby firehouse and pursued the two suspects. He caught one and held him for the police, but the other escaped. The person so apprehended by Sergeant Ryan gave the police one statement in which he did not implicate anyone else, but later gave a second statement in which he implicated the defendant as the second perpetrator of the crime. Although the suspect captured at the scene was arrested and charged with arson, he had not been brought to trial as of the date of the instant trial when he testified for the People. At the trial, the suspect caught at the scene testified that the defendant was with him at the scene and, in fact, had set the car on fire. The People's other eyewitness to the crime, Sergeant Ryan, testified that he observed the defendant at the scene and, by an in-court identification, positively identified the defendant as one of the two suspects who ran past him on the street immediately after the fire. Defendant's contention was that he was attending a wedding reception at his home during the night of the fire, and in support of his position, he presented 13 alibi witnesses. All of these witnesses in some manner supported the defendant's testimony. On this appeal, defendant claims that his guilt was not established beyond a reasonable doubt because the credible evidence established that he was at a wedding reception at the time of the crime. Conflicts in testimony, as are present herein, bear on the weight to be given to such testimony and on the credibility of the witnesses, and these are questions of fact to be determined by the jury. The fact that one of the

People's witnesses gave conflicting statements about the actual crime and had not been prosecuted for the crime was a matter which went to the weight to be given to the testimony of the witness rather than to its admissibility. In criminal actions, the jury is the exclusive judge of all questions of fact *(People v Henderson,* 28 AD2d 1145). Defendant further urges that the court improperly denied defendant's motion to suppress the identification evidence of Sergeant Ryan on the ground it was tainted by improper photographic and other identification procedures. Several weeks after the crime, at the police station, Sergeant Ryan was shown a number of photographs by a detective, and, although he pondered over the defendant's photograph, he stated he was "not positively sure". The photographs were returned to their respective files. Several days later Sergeant Ryan went to the Troy Police Court where he entered the courtroom at the request of detectives to "see if he had seen the person that was allegedly at the mishap". He walked into the courtroom alone and identified the defendant from the 30 to 50 people who were sitting around in the various seats. There is no testimony that there was any suggestion from the police as to where the defendant was seated or how he was dressed or that there were any other facts given which would have helped the witness identify the defendant. Such an identification, although somewhat unorthodox, does not violate the due process rights of the defendant. It is only where an identification results from police suggestion in some form that the identification becomes tainted *(People v Logan,* 25 NY2d 184, cert den 396 US 1020). The claimed violation of due process of law in the conduct of the confrontation depends on the totality of the circumstances surrounding it *(Stovall v Denno,* 388 US 293). Considering the factual situation under the guidelines of *Logan* and *Denno,* we find no violations of the defendant's rights. In any event, Sergeant Ryan's in-court identification of the defendant at the trial was made from his observation of the defendant at the scene of the crime. The witness testified that he had a clear view of the defendant and that he was "absolutely positive" that the defendant in court was the same person that was at the scene of the crime. The witness specifically testified that his identification of the defendant was from his independent recollection of what he observed at the time of the commission of the crime, and he denied that the photographs shown to him influenced him in any way. This courtroom identification was based upon an independent source resulting from the witness's recollection of the crime *(People v Freeland,* 36 NY2d 518; *People v Carter,* 30 NY2d 279; *People v Gonzalez,* 27 NY2d 53, cert den 400 US 996). The trial court was correct in its denial of the motion to suppress the identification by Sergeant Ryan. Judgment affirmed. Greenblott, J. P., Sweeney, Main, Larkin and Reynolds, JJ., concur.