(May 26, 1977)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY JACK KEENE, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered March 4, 1974, convicting defendant, upon his plea of guilty, of two counts of criminal sale of a controlled substance in the third degree, and sentencing him to an indeterminate term of imprisonment of 21 months to life. The defendant contends on this appeal that the identification made of him by the State trooper as the person who made the sales of heroin to him should be suppressed for the reason that the trooper was supplied with a photograph of the defendant by the Albany Police Department, and secondly that, in any event, since it was not established that the substance sold was heroin, the trial court should not have accepted defendant's plea of guilty. We find no merit in either contention. The trial court concluded that the State trooper could make an in-court identification of the defendant based upon his observations of the accused, not only when the sales were made, but also on two prior occasions. This finding is supported by the evidence which clearly demonstrates an independent and untainted basis for the in-court identification aside from the photograph of the defendant *(People v La Brake,* 51 AD2d 609; *People v Miller,* 43 AD2d 605). As to

the defendant's second argument, the record discloses that in response to the court's questions as to whether he had sold heroin to the State trooper on the dates in question, the defendant answered that he did. Furthermore, by his plea of guilty the defendant admitted that he committed the crimes charged. ·Judgment affirmed. Koreman, P. J., Greenblott, Kane, Mahoney ·and Main, JJ., concur.