■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT WILLIAMS, JR., Appellant.—Appeal from a judgment of the County Court of Sullivan County, rendered January 4, 1977, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fifth degree. On this appeal defendant seeks a reversal of his conviction upon assertions that the trial court erred in failing to suppress certain identification testimony of the arresting officer as being tainted by impermissible pretrial identification procedures, and that it had unduly restricted his counsel's cross-examination of that officer during the suppression hearing. There is no proof to sustain the contention that a pre-arrest photographic display, which had contained photographs of the defendant, was unduly suggestive (People v Morales, 37 NY2d 262; People v Keene, 57 AD2d 1020). The arresting officer, acting as an undercover agent, had purchased heroin from the defendant on two occasions and his identification of him was based primarily on those face to face encounters. Nor do we find any merit in the argument that the court unduly restricted defendant's cross-examination of that witness at the suppression hearing. Judgment affirmed. Koreman, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.