■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE ALEXANDER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Richmond County, rendered May 16, 1977, convicting him of robbery in the first degree, robbery in the second degree and burglary in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. While the statement made by the prosecutor in his summation, that "we have here uncontroverted evidence", was an improper comment on defendant's failure to take the stand, in view of the curative charge given by the trial court and the overwhelming evidence of defendant's guilt, the comment was not so prejudicial as to warrant reversal (see *People v Maimone,* 9 AD2d 780, affd 7 NY2d 998; *People v Crimmins,* 36 NY2d 230). We have considered defendant's other contentions and find them to be without merit. Martuscello, J. P., Latham, Rabin and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LOUIS ALSTON, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County, dated September 21, 1977, which dismissed the indictment against defendant. Order reversed, on the law, and indictment reinstated. It was improper for the court to have dismissed the indictment "in the interest of justice" (see CPL 210.40, subd 2). In *People v Clayton* (41 AD2d 204), we set forth the criteria required for such a dismissal; none is here present. Latham, J. P., Suozzi, Margett and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT BELLOMO, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the County Court, Nassau County, imposed February 28, 1978, upon his conviction of criminal sale of a controlled substance in the third degree, upon his plea of guilty, the sentence being a term of imprisonment of three years to life. Sentence modified, as a matter of discretion in the interest of justice, by reducing the minimum period of incarceration to one year. As so modified, sentence affirmed. The sentence was excessive to the extent indicated herein. Damiani, J. P., Titone, Suozzi and Rabin, JJ., concur.