■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERCY COLEMAN, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered April 24, 1978, convicting defendant upon his plea of guilty to the crime of forgery in the second degree and sentencing him, as a predicate offender, to an indeterminate term of imprisonment with a maximum of seven years and a minimum of three and one-half years. As a result of an incident in a bank in the City of Albany on January 4, 1978, wherein defendant attempted to open a savings account by presenting a New York State Teachers' Retirement System check payable to one Vernon Buck in the amount of $16,050 and also Vernon Buck's driver's license, defendant was indicted for the crimes of forgery in the first degree (Penal Law, § 170.15, subd 1) and criminal possession of stolen property in the first degree (Penal Law, § 165.50). There followed a *Wade* hearing after which the court denied defendant's motion to suppress potential testimony by bank employees identifying defendant as the person who committed the offense charged. Subsequently, defendant was permitted to plead guilty to forgery in the second degree (Penal Law, § 170.10, subd 1) in full satisfaction of the indictment, and he was sentenced, as a predicate felony offender, to an indeterminate term of imprisonment of three and one-half to seven years. This appeal ensued. The judgment of the County Court should be affirmed. Although defendant maintains that the potential identification testimony by the bank employees was tainted by their earlier photographic identification of defendant under prejudicial circumstances, there is clear and convincing evidence in the record, most notably the employees' observations of defendant in the bank, which demonstrates that any possible in-court identification by either of the employees would have had a basis independent of and untainted by their examination of photographs of defendant. Such being the case, the judgment appealed from should not be disturbed *(People v Keene,* 57 AD2d 1020). In conclusion, it should also be noted that, since the photo identification here was conducted by the bank employees themselves, the exclusionary rules fashioned to deter police misconduct in this area (see *People v Logan,* 25 NY2d 184) would seem to be inapplicable. Additionally, it was plainly not reversible error for the court to rule that the papers filled out by one of the bank employees while he was interviewing defendant were

irrelevant to a proper resolution of this case. Judgment affirmed. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.