■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD S. PARADISE, Appellant. — Kane, J. P. Appeal from a judgment of the County Court of St. Lawrence County (Duskas, J.), rendered April 19, 1984, upon a verdict convicting defendant of the crime of forgery in the second degree.

Defendant is accused of forging and presenting for payment a check drawn upon the account of Cowen's Country Store, Inc., in the St. Lawrence National Bank (bank) by Daniel Cowen, payable to Thomas Sullivan in the sum of $267.89 and indorsed with the name Thomas Sullivan.

The teller at the bank, Debra Davis, to whom the check was presented, determined that there was a "watch" on the account, resulting from the loss of a number of blank checks for the account, and that the balance of the account was zero. She thereupon informed the manager, who summoned the customer who was attempting to cash the check to his office. After a brief conversation, the customer left the bank. He was followed outside by a security officer, who observed the individual identified as defendant mount a motorcycle and ride away. The officer was able to obtain a portion of the proper license number of the motorcycle. -

The only issue of substance on this appeal concerns the procedures relating to the identification of defendant as the perpetrator of the crimes charged. Approximately two months after the incident in question, Davis was shown a series of nine photographs for the purpose of identifying defendant, one of which fit the description she had given the police and was, in fact, defendant. However, she was unable to make a positive identification from that photograph. When the same photographs were shown to her bank manager, he could not, at that time, make an identification.

After a suppression hearing, it was determined that while the photo array as presented to the witness Davis could be perceived as suggestive, she would be permitted to attempt an in-court identification, as she had ample opportunity to observe the customer as he indorsed the name Thomas Sullivan upon the check presented to her for payment. However, the manager was not permitted to make such an identification since the trial court found that his observation would be influenced by Davis' identification.

In our view, the trial record demonstrates that Davis' in-court identification was based on her recollection of her observations on the date of the incident. She had the opportunity to observe the customer at different intervals during a two- to three-minute period of time, face to face, in a well-lit bank at a time when close attention was indicated. We would reach this conclusion even if the photographic display procedures were considered impermissibly suggestive (*see, People v Raco,* 72 AD2d 857; *People v Coleman,* 66 AD2d 982; *People v Keene,* 57 AD2d 1020).

Moreover, Davis' testimony, together with that of a security officer and other evidence in the case, including the registration of the motorcycle in the name of defendant, provide proof of defendant's guilt beyond a reasonable doubt.

Finally, any objectionable comment by the prosecution in summation was cured by the instructions of the trial court which were sufficient to overcome any possible prejudice to defendant (*see, People v Alexander,* 64 AD2d 668).

Judgment affirmed. Kane, J. P., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.