■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY M. BUTTS, Appellant.—Mercure, J. Appeal from a judgment of the Supreme Court (Ellison, J.), rendered December 8, 1986 in Tompkins County, upon a verdict convicting defendant of the crime of robbery in the first degree.

---

* Defendant has not challenged the ruling which held the blood test results to be admissible.

On March 8, 1986, defendant entered a store and stole $300 from an employee, Alan Warner, by threatening him with a knife. Defendant was arrested on April 17, 1986 and was thereafter indicted for robbery in the first degree and conspiracy in the fourth degree. At a suppression hearing, Warner testified that he viewed separate photographic arrays on April 16, 1986 and April 23, 1986, identifying defendant on both occasions as the person who committed the robbery. Upon cross-examination, Warner testified that he viewed a videotape of a robbery of a convenience store three times immediately before he viewed the photographic array on April 16, 1986, but was unable to identify the man depicted. After the hearing, Supreme Court ruled that the photographic arrays were not unduly suggestive and that there was an independent basis for Warner to make an in-court identification. Following trial, a jury found defendant guilty of robbery in the first degree, and he was sentenced as a predicate felon to an indeterminate term of imprisonment of 6 to 12 years. Defendant appeals; we affirm.

Defendant's primary contention on appeal is that the photographic identification procedures were impermissibly suggestive because (1) the viewing of the videotape just prior to the exhibition of the photographic array was tantamount to a showup, (2) the individuals depicted in the other five photographs in each photographic array had dissimilar physical characteristics, and (3) the only photograph common to both arrays was that of defendant. Contrary to defendant's contention, our examination of the photographic arrays reveals that there was a sufficient degree of resemblance among the participants to avoid undue suggestiveness (see, People v Diaz, 138 AD2d 728, lv denied 72 NY2d 858; People v Bunting, 134 AD2d 646, 647-648, lv denied 70 NY2d 1004). Furthermore, in our view, neither the viewing of the videotape nor the fact that defendant's photograph was the only one common to both arrays requires suppression. The videotape did not assist Warner and two separate showings of defendant's photograph in a photographic array, without more, is not impermissibly suggestive (see, People v Thomas, 133 AD2d 867, 868; People v Jones, 125 AD2d 333, 334-335, lv denied 69 NY2d 829; People v Malphurs, 111 AD2d 266, 268, lv denied 66 NY2d 616, 920).

Moreover, even if the identification procedures were found to be improper, the proffered in-court identification had an independent origin based on Warner's opportunity to observe defendant in good light, at close quarters, for 3 to 4 minutes during the commission of the crime (see, People v Albert J.,

138 AD2d 773, 774-775; *People v Paradise,* 108 AD2d 1079, 1080). Notwithstanding the foregoing, any possible error in admission of the in-court identification was rendered harmless by the overwhelming evidence connecting defendant to this crime *(see, People v Diaz, supra,* at 729).

Finally, defendant contends that certain comments in the prosecutor's summation were inflammatory and prejudicial, depriving him of a fair trial. However, we note that this issue was not properly preserved for our review by timely objection or requests for corrective instructions *(see,* CPL 470.05 [2]; *People v Nuccie,* 57 NY2d 818, 819). Even if we were to review the issue in the interest of justice, we would conclude that in the context of the entire summation the prosecutor's remarks were harmless error *(see, People v Morgan,* 66 NY2d 255, 259; *People v Crimmins,* 36 NY2d 230).

Judgment affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.