■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM HERRIOT, Appellant.

During the afternoon of August 25, 1980, the complainants were forced by three men into a numbers parlor on College Point Boulevard and robbed at gunpoint. The man identified as defendant was wearing a hooded sweatshirt and a baseball cap. The complainants had an opportunity to see defendant in broad daylight for a few seconds before they were forced into the numbers parlor. They individually identified defendant at a lineup on November 17, 1980. However, at trial, there were certain inconsistencies in the complainants' testimony with respect to the heights of the perpetrators, the degree of lighting in the numbers parlor during the course of the robbery, and the question of which complainant defendant held at gunpoint.

Additionally, defendant presented an alibi witness who testified that defendant was with him in Poughkeepsie on the day the robbery occurred.

Viewing the evidence in the light most favorable to the prosecution, as we must, we find that, based on the complainants' ability to see defendant during the robbery, and the subsequent lineup identification, the evidence is sufficient to support the verdict, since a " 'rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' " (*People v Contes,* 60 NY2d 620, 621, quoting from *Jackson v Virginia,* 443 US 307, 319; *People v Bigelow,* 106 AD2d 448; *see also, People v Malizia,* 62 NY2d 755). While there were inconsistencies in the testimony of the prosecution's witnesses, the responsibility for resolving questions relating to identification and the credibility of the witnesses lies with the trier of fact (*see, People v Bigelow, supra; People v Cook,* 99 AD2d 552, 553; *People v Dukes,* 97 AD2d 445). Even the presence of alibi testimony presents questions for the determination of the trier of fact (*People v Bigelow, supra*). In this case, after a review of the entire record, we find that the evidence is sufficient in quality and quantity to justify the jury's finding of guilt beyond a reasonable doubt (*see, People v Reed,* 40 NY2d 204; *People v Santos,* 38 NY2d 173).

Defendant's claim that certain comments made by the prosecutor during his summation were prejudicial is unpreserved (CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467), and is, in any event, without merit. Lazer, J. P., O'Connor, Weinstein and Brown, JJ., concur.