Lastly, we do not find the sentences imposed to be unduly harsh or excessive. The concurrent terms at 9 to 18 years are within the legally permissible range (Penal Law § 70.04 [3], [4]) and are the ones for which the defendant freely bargained *(see, e.g., People v La Lande,* 104 AD2d 1052; *People v Kazepis,* 101 AD2d 816). Thompson, J. P., Weinstein, Rubin and Spatt, JJ., concur.

The People of the State of New York, Respondent, v Jose Rivera, Appellant

On appeal, the defendant contends that the hearing court erred in denying his motion to suppress the statements he made to the police, because he was arrested without probable cause, and because, contrary to the hearing court's finding, he invoked his right to counsel when he was arrested.

Contrary to the defendant's claim, the codefendant's statements made to the police and to an Assistant District Attorney specifically implicated the defendant in the crime and provided probable cause for the defendant's arrest *(see, People v Berzups,* 49 NY2d 417; *People v Crawford,* 113 AD2d 771). Further, the findings of the hearing court that the defendant was given his *Miranda* warnings and that he knowingly and voluntarily waived those rights and confessed to the police are supported by the record *(see, People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851).

We also note that the court did not err in admitting the codefendant's confession into evidence at this joint trial, since the confessions of the defendant and the codefendant were interlocking *(see, People v Cruz,* 66 NY2d 61, *cert granted* — US —, 106 S Ct 2888; *People v Safian,* 46 NY2d 181, *cert denied sub nom. Miner v New York,* 443 US 912; *People v McNeil,* 24 NY2d 550; *People v Brensic,* 119 AD2d 281).

We have considered the defendant's remaining contentions, including those set forth in his *pro se* brief, and find that they are either unpreserved for appellate review or without merit. Mangano, J. P., Bracken, J. P., Brown and Eiber, JJ., concur.

The People of the State of New York, Respondent, v

612

The defendant and another robbed a group of youths while they were in a well-lit archway. Following the robbery, three of the youths made a photographic identification of the defendant at the precinct. The defendant was arrested a month after the incident and placed in a lineup. He chose his own position in the lineup and was identified by a victim.

The defendant argues on appeal that evidence of the lineup identification should have been suppressed because he was the only individual with a large Afro hair style, he was the only Hispanic, and he was the youngest participant. We disagree. A photograph of the lineup does not support the defendant's arguments. In addition, a police officer testified that there were two other members of the lineup with Afro haircuts and one other man with bushy, curly hair in the six-man lineup. In this regard, there is no requirement that a defendant in a lineup be surrounded by individuals nearly identical in appearance (see, United States v Porter, 430 F Supp 208, 211-212). The person viewing the lineup testified that he had observed the defendant for seven minutes during the incident and had previously made a photographic identification of the defendant immediately following the incident.

With regard to the makeup of the lineup, the police made an attempt to locate persons for the lineup who resembled the defendant. Unknown to them, one of the participants was a police officer known to the viewer. Since there is no per se requirement regarding the numerical composition of lineups, this did not require suppression of the lineup identification (see, People v Norris, 122 AD2d 82). The issue involved in ascertaining the validity of a lineup identification concerns "undue suggestiveness" which is determined by considering the totality of the circumstances surrounding the lineup. At bar, there has not been such a showing (see, People v Norris,

*supra),* and the hearing court properly denied the motion to suppress the lineup identification.

The defendant further argues that the prosecutor's summation deprived him of a fair trial. Our review of the record reveals that the prosecutor's summation did not exceed the broad bounds of fair comment permissible in closing argument *(see, People v Galloway,* 54 NY2d 396, 399; *People v Allen,* 121 AD2d 453), and was, in part, in response to defense counsel's own summation arguments *(see, People v Ortiz,* 116 AD2d 531). Thompson, J. P., Weinstein, Rubin and Spatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERI WACHTEL, Appellant

The People concede that the defendant's conviction for kidnapping in the second degree must be reversed, the sentence imposed thereon vacated, and that count dismissed, as that crime merged into the crime of attempted murder in the second degree *(see, People v Geaslen,* 54 NY2d 510; *People v Cassidy,* 40 NY2d 763). The People also concede that the sentence imposed upon the conviction for criminal possession of a weapon in the second degree may not run consecutively to the other sentences imposed *(see,* Penal Law § 70.25 [2]; *People v Terry,* 104 AD2d 572). The remaining sentences should be made to run concurrently in the interest of justice.

The defendant was convicted of the foregoing crimes for her role in the abduction and shooting of her husband. Early in the morning of June 25, 1983, two armed men entered the