THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FAUSTINO ROSARIO, Appellant.

Several days after a burglary during which the complainant and another witness saw the defendant in the complainant's ransacked apartment, the defendant was spotted by the complainant. He was then apprehended by a police officer, and after the complainant identified him in a showup at the scene, the defendant was placed under arrest. Immediately, the complainant began "rattling off things" concerning certain jewelry which had been stolen, and the defendant blurted out that he would pay for any jewelry that was missing. The defendant was then given his *Miranda* warnings. Under these circumstances, the hearing court's finding that the defendant's statement was spontaneous was correct. The police officer's conduct could not reasonably have been anticipated to evoke a declaration from the defendant, and it did not trigger the statement (*see, People v Rivers,* 56 NY2d 476; *People v Lynes,* 49 NY2d 286).

During trial the People introduced into evidence a tire iron allegedly possessed by the defendant while he was in the complainant's apartment and which was taken from him by a witness to the crime. The defendant objected to the introduction of the tire iron into evidence and moved for a mistrial after its admission on the ground that the People had not previously disclosed its existence to the defense, even though the People had agreed to voluntarily comply with CPL 240.20, and had been aware of its existence at least by the beginning of trial. While the People may have breached their continuing duty of disclosure under CPL 240.60, the drastic sanction of preclusion or a mistrial was inappropriate since the defendant

did not demonstrate that he was prejudiced by the introduction of the tire iron into evidence, and could not claim surprise because the tire iron was obtained from him by one of the eyewitnesses *(see, People v Kehn,* 109 AD2d 912; *People v Wiese,* 97 AD2d 903). In any event, in view of the overwhelming proof of the defendant's guilt, the error, if any, was harmless *(see, People v Crimmins,* 36 NY2d 230).

Finally, the defendant was properly sentenced as a second felony offender *(see, People v Anderson,* 100 AD2d 937; *People v O'Brien,* 56 NY2d 1009). Lazer, J. P., Niehoff, Lawrence and Kooper, JJ., concur.