OPINION OF THE COURT
Hancock, Jr. J.
Defendant and codefendant Farook Amer were tried together before a jury on various charges stemming from a hold up in Buffalo. Defendant was convicted of robbery in the first degree and criminal possession of a weapon in the second degree; the Appellate Division affirmed, without opinion. He argues that we should reverse the convictions because the trial court improperly refused to give him a prospective ruling pursuant to People v Sandoval (34 NY2d 371) as to the questions which codefendant might ask him on cross-examinatian concerning previous convictions and vicious or immoral acts. The court’s refusal made it impossible for him to testify, he claims, and he was thereby deprived of his right to a fair trial. For reasons which will appear, we reject this contention and conclude that the judgment should be affirmed.
Following the robbery of a grocery store defendant fled in a car driven by Amer and jumped out a short distance from the store. The police arrested defendant after a brief chase and apprehended Amer moments later. Defendant and Amer were indicted on several counts of robbery in the first degree and criminal possession of a weapon.
At trial, when codefendant Amer rested his case without *331 testifying, defendant asked for a Sandoval ruling. After the court made its Sandoval determination with respect to what the prosecutor could ask defendant on cross-examination, the following colloquy occurred concerning the effect of the ruling on Amer’s right to cross-examine:
"mr. lotempio [attorney for codefendant Amer]: Your Honor * * * so we don’t get into a mistrial situation * * * the Court has inst[ru]cted [that] the District Attorney not be allowed * * * to ask questions in these other areas and I just want to make sure that does not apply to me or the defendant, Amer.
* * *
"mr. lotempio: He’s asking for a Sandoval hearing. That’s fine. That only applies to the District Attorney. It does not apply to co-defendants
* * *
"the court: Just wait, Mr. LoTempio. Sandoval does apply to the District Attorney. I’ve made my ruling prior to the defendants taking the stand. I’ll not rule prior to his taking the stand on any aspects of your examination. Sandoval doesn’t apply to your client.
"mr. lotempio: Thank you, your Honor.
"mr. kulick [attorney for defendant]: Except that I would say that the purpose behind Sandoval is, obviously, to allow the person to take the stand without letting certain prior acts, as your Honor has properly ruled on here, affect the jury’s deliberation, obviously, or decision in this particular case.”
The issue is whether defendant’s prospective Sandoval ruling on the propriety of certain questions by the prosecutor should apply as well to questions by codefendant Amer.
In Sandoval we held that a court "may * * * make an advance ruling as to the use by the prosecutor of prior convictions or proof of the prior commission of specific criminal, vicious or immoral acts for the purpose of impeaching a defendant’s credibility” (People v Sandoval, 34 NY2d 371, 374, supra; emphasis added). Sandoval "did not create a new rule of substantive law,” (People v Davis, 44 NY2d 269, 275), but merely "sanctioned a procedure” (People v Ocasio, 47 NY2d 55, 58) by which the court may rule, before defendant takes the stand and outside the hearing of the jury, on the admissibility of evidence of prior bad acts which might be used on *332 cross-examination. Postponement of the court’s ruling and the lack of a prior decision on admissibility can "cause a defendant to hide behind his or her privilege not to take the stand,” removing perhaps the "only available * * * testimony in support of the defense” (People v Ocasio, supra, at p 58). In making its prospective ruling on admissibility the trial court must balance "the probative worth of evidence of prior specific criminal, vicious or immoral acts” on the defendant’s credibility against "the risk of unfair prejudice to the defendant” (People v Sandoval, supra, at p 375), guarding against the impermissible inference that "one who has sinned before has sinned again and is guilty” (People v Carmack, 52 AD2d 264, 266 [Simons, J.], affd 44 NY2d 706). The potential prejudice may result both from the impact of such evidence if defendant testifies and from the adverse effect of its anticipated introduction on his decision whether to do so (see, People v Sandoval, supra).
It is evident that the Sandoval rationale applies only when the witness to be cross-examined is also the defendant on trial, for only then can the questioning result in improper conviction on the basis of inadmissible evidence of prior bad acts. Thus, we have held that Sandoval does not apply to a witness who is not the defendant (People v Allen, 67 AD2d 558, affd 50 NY2d 898), and that such a witness is subject to cross-examination under the usual rules of evidence (People v Schwartzman, 24 NY2d 241, 244, cert denied 396 US 846; Richardson, Evidence § 498 [10th ed]; People v Webster, 139 NY 73). Difficulties arise, however, when, as here, two defendants are tried together and one desires to testify in his own defense but may, in doing so, incriminate the other. Then the defendant, unlike the witness in People v Allen (supra), testifies in a dual role. As defendant he testifies in his own behalf. Insofar as what he says tends to incriminate the codefendant, he testifies for the prosecution.
Defendant argues that he should have a Sandoval ruling to protect him in his dual roles — as a defendant and as a witness. Unless the Sandoval ruling applies to the anticipated cross-examinations by both prosecutor and codefendant, he stresses, the ruling is of no use to him. Codefendant’s counsel may bring out the very convictions and bad acts from which the prosecutor is precluded, and the damage will be done.
Defendant’s argument ignores the distinction between the aims of cross-examination by the prosecutor and by the code *333 fendant. The prosecutor, in questioning defendant, seeks to incriminate him directly, or indirectly by attacking his credibility. Counsel for codefendant seeks to protect his client. In conducting this cross-examination, counsel for codefendant exercises his client’s constitutional right of confrontation (US Const 6th Amend; NY Const, art I, § 6; Douglas v Alabama, 380 US 415; People v Gissendanner, 48 NY2d 543, 547-548). Of this right we have said: "it should be too obvious to need reiteration that restrictions on the right to cross-examine key prosecution witnesses can deprive a defendant of an important means of combating inculpatory testimony or at least demonstrating the existence of a reasonable doubt as to guilt (Davis v Alaska, 415 US 308, 315-317; Douglas v Alabama, 380 US 415, 418; cf. Greene v McElroy, 360 US 474, 496-497)” (People v Gissendanner, supra, at p 548). This basic right of a defendant to cross-examine witnesses does not disappear simply because the witness against him is a codefendant.
Thus, where defendants are tried jointly, the competing interests require a choice between (1) the procedural right of a defendant to a prospective ruling under Sandoval and (2) the constitutional right of a codefendant to an unimpeded cross-examination of witnesses against him. While the interest of a defendant in a prospective ruling under Sandoval is not insubstantial, it must yield to the fundamental constitutional right of the codefendant to confront and cross-examine his accusers. We therefore hold that when defendants are tried together a Sandoval ruling made with respect to one does not apply to limit the scope of cross-examination of that defendant by the other.
Potential difficulties in a joint trial arising from the parties’ opposing theories of defense may be averted. The remedy is a timely motion for severance pursuant to CPL 200.40 so that the court, mindful that Sandoval does not apply, may determine whether the rights of either defendant will likely be prejudiced in a joint trial. In a similar case, the court properly held that it "could not limit the right of either defense attorney to examine his client’s codefendant regarding prior criminal or immoral acts” (People v Rodriguez, 91 AD2d 591, 592) and that severance should be granted where a significant possibility exists that each defense will prejudice the other. If good cause is shown why the joint trial will prejudice substantial rights of the codefendants, failure to sever may amount to an abuse of discretion (see, People v La Belle, 18 NY2d 405). Here, however, defendant’s attorney *334 neither joined in codefendant’s motion for severance nor made his own motion and, therefore, has not preserved the issue (People v Ford, 66 NY2d 428, 433).
We conclude that defendant’s remaining contentions present no basis for reversal and that, accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Titone concur.
Order affirmed.