THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MATTOCKS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Shaw, J.), rendered February 23, 1982, convicting him of rape in the first degree (two counts), sodomy in the first degree (four counts), attempted sodomy in the first degree, sexual abuse in the first degree (two counts), and criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial,

after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the pretrial lineup at which he was identified by the complaining witness was unduly suggestive because he wore an open-necked shirt while the other five participants wore turtleneck shirts, and, further, in that he was 22 years old and the other participants were 17, 18, and 19 years of age, respectively. An examination of the lineup photographs leads us to agree with the hearing court's finding that the lineup was "not tainted in any respect". The differences between the defendant's age and the ages of the stand-ins were not discernible from their appearance. Nor was there any evidence that the complainant had any reason to perceive the defendant's open-collared shirt as significant, particularly in the absence of any mention of shirt style in the victim's description of the perpetrator. There is no requirement that a defendant in a lineup must be surrounded by people nearly identical in appearance (see, *United States v Reid,* 517 F2d 953; *People v Rodriguez,* 124 AD2d 611), and, in the instant case, there did not exist a substantial likelihood of misidentification (see, *Neil v Biggers,* 409 US 188).

Additionally, we find that the court's alibi charge, when examined as a whole, sufficiently conveyed to the jury the applicable law regarding the People's burden of proof (see, *People v Colon,* 122 AD2d 151, *lv denied* 68 NY2d 810; *People v Seabrooks,* 120 AD2d 691). Moreover, defendant's claim of error with respect to the alibi charge has not been preserved for review.

Lastly, there is no reason to disturb the sentencing court's determination as we do not find the sentence imposed to be excessive under the circumstances. Mollen, P. J., Brown, Weinstein and Rubin, JJ., concur.