■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRELL ELEBY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered January 30, 1986, convicting him of murder in the second degree (five counts), attempted murder in the second degree (two counts), assault in the second degree, robbery in the first degree (four counts), and criminal possession of a weapon in the second degree (four counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is modified, on the law, by vacating the sentences imposed on two charges of assault in the first degree; as so modified, the judgment is affirmed.

The hearing court properly found that the People met their heavy burden of establishing that the warrantless entry into the basement of 682 Eastern Parkway, where the defendant Terrell Eleby and his brother, the codefendant Vincent Eleby, resided, which resulted in the arrest of the Elebys, was not unlawful because it was consensual *(see, People v Levan,* 62 NY2d 139). The hearing court also properly determined that the warrantless search of that basement several days later was similarly justified by consent *(see, People v Adams,* 53 NY2d 1, *cert denied* 454 US 854). In any event, that search only encompassed the public area of the basement *(see, People v Lewis,* 108 AD2d 872).

Furthermore, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony, since, under the totality of the circumstances, the confrontations involved were not so unnecessarily suggestive and conducive to mistaken identification that the defendant was denied due process of law *(see, People v Logan,* 25 NY2d 184, *cert denied* 396 US 1020, *rearg dismissed*

27 NY2d 733, 737). The fact that the photographic array shown the eyewitnesses was apparently lost some time after the trial does not give rise to an inference that the array was suggestive (cf., People v Lynch, 117 AD2d 823, lv denied 68 NY2d 670; People v Johnson, 106 AD2d 469), since the hearing court had the opportunity to view the array and determined that it was not suggestive. With respect to the lineup identifications, though the defendant was dressed differently than some of the fillers, they all appeared reasonably similar in their physical characteristics to the defendant, and there is nothing to suggest that the witnesses had any reason to perceive the clothing worn by the defendant was somehow significant (see, People v Mattocks, 133 AD2d 89, lv denied 70 NY2d 801; People v Rodriguez, 124 AD2d 611).

Turning to consideration of the issues raised regarding the conduct of the trial, we note that the error which occurred when Detective Hoffman was permitted to give hearsay testimony which inferentially bolstered the identification testimony of 1 of the 6 eyewitnesses has not been preserved for our review. In any event, given the clear and strong evidence of identification, this error, standing alone, would not be sufficient to require reversal (see, People v Holt, 67 NY2d 819; People v Mobley, 56 NY2d 584; People v Lee, 110 AD2d 913).

However, the sentencing court did err when it imposed sentence upon the defendant under two counts of assault in the first degree, upon which the defendant had been acquitted. Thus, the terms of imprisonment imposed under those two counts are vacated. Lawrence, J. P., Kunzeman, Kooper and Balletta, JJ., concur.