■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT ELEBY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered January 30, 1986, convicting him of murder in the second degree (six counts), attempted murder in the second degree (three counts), assault in the first degree (two counts), assault in the second degree, robbery in the first degree (four counts), and criminal possession of a weapon in the second degree (four counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion as was to suppress physical evidence.

Ordered that the judgment is affirmed.

The hearing court did not err in denying that branch of the defendant's omnibus motion which was to suppress the physi-

cal evidence seized from his apartment shortly after his arrest (see, *People v Eleby,* 137 AD2d 707 [decided herewith]).

Further, the trial court did not abuse its discretion in denying the defendant's application for a severance, as the defendant failed to show good cause why a joint trial would prejudice his substantial rights (see, *People v McGee,* 68 NY2d 328; *People v Payne,* 35 NY2d 22). Nor was the trial court's decision to permit a ballistics expert to testify on behalf of the prosecution an abuse of discretion (see, *People v Kelly,* 62 NY2d 516), though the prosecutor did not make his report available to the defense counsel upon demand (see, CPL 240.20 [1] [c]). Where, as here, any potential prejudice arising from noncompliance with the continuing duty of disclosure under CPL 240.20 could be cured by the granting of a continuance, the drastic remedy of preclusion was not warranted (see, CPL 240.70; *People v Rosario,* 124 AD2d 683, *lv denied* 69 NY2d 833; *People v Kehn,* 109 AD2d 912; *People v Benjamin R.,* 103 AD2d 663; *People v Napierala,* 90 AD2d 689).

In addition, the court correctly refused to charge the jury regarding voluntary intoxication, as the evidence of intoxication was so minimal that no reasonable person would have entertained a doubt as to the element of intent on the basis of intoxication (see, *People v Perry,* 61 NY2d 849; *People v Carter,* 115 AD2d 551).

Finally, the sentencing court did not err in providing that the sentences imposed upon the defendant for each of the three felony murder counts, each of the three attempted murder counts, and each of the assault counts shall run consecutively. Although the offenses may be said to have occurred in the course of a single extended transaction, no two or more of them were committed through a single act or omission, or through an act or omission which itself constituted one of the offenses and also was a material element of another (see, Penal Law § 70.25 [2]; *People v Brathwaite,* 63 NY2d 839; *People v Santiago,* 136 AD2d 660; *People v Robbins,* 118 AD2d 820, *lv denied* 67 NY2d 949).

We have considered the remaining contention raised by the defendant and find it to be without merit. Lawrence, J. P., Kunzeman, Kooper and Balletta, JJ., concur.