■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON WILEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered December 5, 1983, convicting him of robbery in the first degree (four counts), and robbery in the second degree (four counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Dubin, J.), of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

This 6-foot, 7-inch, 275-pound defendant was identified by two bar patrons as 1 of 3 men who had allegedly robbed them the previous evening. The totality of the circumstances surrounding the lineup indicates that the identifications of the defendant were not unduly suggestive *(see, People v Rodriguez,* 124 AD2d 611). Due to the uniqueness of the defendant's appearance, obtaining fillers matching his exact size was virtually impossible. However, there is no requirement that a defendant in a lineup be surrounded by individuals nearly identical in appearance *(People v Rodriguez, supra).* After reviewing a copy of the lineup photograph in which the participants were seated to diminish any size discrepancies,

we find that the lineup procedures were not suggestive *(see, People v Scott,* 114 AD2d 915, *lv denied* 67 NY2d 765). The police did not encourage any of the witnesses to select the defendant nor did they indicate that he was a suspect *(see, People v Kreutz,* 110 AD2d 912). In any event, we find that the record supports the hearing court's determination that an independent source existed for the witnesses' identifications of the defendant *(United States v Wade,* 388 US 218; *People v Ballott,* 20 NY2d 600).

Viewing the evidence adduced at trial in the light most favorable to the People, we find that it was legally sufficient to support the defendant's conviction of the crimes charged *(People v Lewis,* 64 NY2d 1111). Moreover, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Although the complainants herein were only able to observe the defendant's face for a few moments, they observed his build, which they described as massive, for the entire 15 to 20 minutes during which the incident occurred. The complainants readily identified the defendant at the lineup and their testimony contained relatively few inconsistencies. The jury had the responsibility of resolving any inconsistencies in the testimony of the prosecution's witnesses and of resolving questions relating to identification and the credibility of witnesses *(see, People v Herriot,* 110 AD2d 851; *People v Bigelow,* 106 AD2d 448; *People v Cook,* 99 AD2d 552). The presence of alibi testimony also presented questions for the determination of the triers of fact *(see, People v Herriot, supra; People v Bigelow, supra).*

We further find that the defendant was properly sentenced as a persistent violent felony offender *(see, People v Nixon,* 21 NY2d 338, *cert denied sub nom. Robinson v New York,* 393 US 1067; *People v Harris,* 61 NY2d 9, *on remand sub nom. People v Alicea,* 99 AD2d 815). Some of the defendant's remaining objections were sustained by the trial court; his other contentions are unpreserved for our review (CPL 470.05 [2]). Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.