■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR CAMPBELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered June 5, 1985, convicting him of attempted murder in the second degree, robbery in the first degree (two counts), and assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Bianchi, J.), following a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

As the complainant was proceeding up the driveway with his girlfriend to her residence, he noticed an automobile with its lights off proceeding down the street in front of the house. The defendant, who was armed with a gun, exited the vehicle, followed the complainant up to the front entrance of the residence and pointed the gun to the back of the complainant's head. After initially demanding and then ripping a gold chain from the complainant's neck, the defendant began to leave, but then returned, once again placed the gun to complainant's head and demanded and received his bracelet. The defendant once again began to leave but returned a second time, directed the complainant to empty his pockets and took some $60 to $70 from complainant. Once again the defendant began to leave, but returned a third time and demanded and took the complainant's wallet. At this time, the complainant punched the defendant, who then shot him in the chest.

Viewing the evidence adduced at the trial in the light most favorable to the People, we find that the evidence is legally sufficient to establish the defendant's guilt beyond a reasonable doubt (People v Lewis, 64 NY2d 1111). Moreover, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The entry area where the incident took place was brightly

lit by two exterior house lights, a living room light, a television set that shone on the area, and by nearby street lamps. Further, the victim facially confronted his assailant over a period of some 3 to 4 minutes. The issue of credibility is primarily one to be determined by the trier or triers of the facts *(People v Watson,* 111 AD2d 419, *lv denied* 66 NY2d 618; *People v Herriot,* 110 AD2d 851), and we agree with the jury's determination based upon the complainant's ability to observe the defendant during the incident and to identify the defendant at the lineup and at trial *(see, People v Watson, supra; People v Herriot, supra).*

The comments made by the prosecutor during summation constituted an acceptable response to the comments made by defense counsel during his summation *(People v Martin,* 112 AD2d 387, *lv denied* 66 NY2d 920).

Finally, the defendant's long involvement with the criminal justice system and his actions in the instant case in robbing and shooting the complainant fully justified the sentence imposed and we decline to exercise our discretion to modify it *(see, People v Suitte,* 90 AD2d 80). Mollen, P. J., Bracken, Spatt and Sullivan, JJ., concur.