■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL DIAZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered November 17, 1983, convicting him of robbery in the first degree (two counts), and burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the hearing court properly concluded that under the totality of the circumstances the pretrial lineup conducted at bar was not unduly suggestive *(see, People v Smith,* 137 AD2d 732; *People v Rodriguez,* 124 AD2d 611). The defendant's claim that the discrepancy between his hair length and that of the stand-ins participating in the lineup prejudicially focused attention on him is without merit. There is no requirement that a defendant in a lineup be accompanied by individuals nearly identical in appearance *(see, People v Eleby,* 137 AD2d 707; *People v Wiley,* 137 AD2d 735; *People v Rodriguez, supra).* An examination of the hearing testimony reveals that the lineup stand-ins were all similar to the defendant in terms of ethnic background, height, weight and age. Moreover, the participants were directed by the Assistant District Attorney to pull back their hair to diminish any hair length discrepancy *(see, People v Wiley, supra).*

Additionally, although the People should have preserved the photograph of the lineup for appellate review *(cf., People v Eleby, supra; People v Johnson,* 106 AD2d 469), any inference of suggestiveness attributable to this failure was rebutted by the circumstances surrounding the identification procedure, the ability of the defendant to cross-examine the complainant regarding the photograph at the hearing and at trial, and the fact that both the hearing and trial courts had the opportunity to review the photograph and determine that the lineup was not suggestive.

In light of the over-all propriety of the lineup procedure, we find that the conduct of the police in informing the identifying witness that she was going to view a suspect was "not in and of itself sufficient to contaminate the identification" *(People v*

*Logan,* 25 NY2d 184, 192, *cert denied* 396 US 1020, *rearg dismissed* 27 NY2d 737; *see also, People v Rodriguez,* 64 NY2d 738, 740-741). In any event, we find that the record supports the hearing court's determination that an independent source existed for the complainant's identifications of the defendant *(United States v Wade,* 388 US 218; *People v Ballott,* 20 NY2d 600; *People v Tomilin,* 131 AD2d 897, *lv denied* 70 NY2d 755).

Moreover, any possible error occasioned in connection with the in-court identifications by the complainants was rendered harmless by the overwhelming evidence connecting the defendant to this crime. Specifically, fingerprints were lifted from items in the complainants' apartment and were identified as the defendant's. Considering that fingerprints alone may be sufficient to demonstrate proof of guilt beyond a reasonable doubt *(see, People v Decker,* 137 AD2d 551), they are sufficiently probative to render any error in the complainants' in-court identifications harmless. Brown, J. P., Kunzeman, Kooper and Balletta, JJ., concur.