■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. FORGIONE, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Rohl, J.), rendered October 23, 1987, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant maintains that his alibi witnesses were more credible than the prosecution witnesses. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86).

Since defense counsel failed to object to any of the comments of the prosecutor during his summation, any error of law in this regard has not been preserved for appellate review (CPL 470.05 [2]). In any event, we find that the comments of the prosecutor, which were made in response to similar comments made by defense counsel, did not deprive the defendant of a fair trial *(see, People v Morgan,* 66 NY2d 255; *People v Campbell,* 138 AD2d 499; *People v Jones,* 89 AD2d 875). While the prosecutor should not have alluded to the absence of other potential alibi witnesses, the error was harmless under the circumstances of this case *(People v Hewlett,* 133 AD2d 418, *affd* 71 NY2d 841; *People v Titus,* 88 AD2d 606).

In light of the defendant's long involvement with the criminal justice system, the imposition of the maximum sentence

was neither unduly harsh nor excessive *(People v Suitte,* 90 AD2d 80). Moreover, the defendant's claim that because of his indigency the court erred in imposing a mandatory surcharge is premature at this time *(People v West,* 124 Misc 2d 622). Lawrence, J. P., Rubin, Spatt and Sullivan, JJ., concur.