■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY MILEY, Appellant.—Appeal by the defendant from a judgment of Supreme Court, Kings County (Egitto, J.), rendered January 30, 1986, convicting him of murder in the second degree (five counts), attempted murder in the second degree (two counts), assault in the second degree, robbery in the first degree (four counts), and criminal possession of a weapon in the second degree (four counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed.

Initially, we note that the hearing court did not err in denying that branch of the defendant's omnibus motion which was to suppress identification testimony, as the evidence adduced established the reasonableness of the police conduct and the lack of suggestiveness (see, People v Logan, 25 NY2d 184, cert denied 396 US 1020; People v Jackson, 108 AD2d 757). Contrary to the defendant's contentions, there is no indication in the record that the witnesses were too medicated or traumatized to make an accurate identification. Further, the hearing court properly denied that branch of the defendant's motion which was to suppress the physical evidence seized from the basement of 682 Eastern Parkway (see, People v Eleby, 137 AD2d 708; People v Eleby, 137 AD2d 707).

Moreover, the trial court did not improvidently exercise its discretion in denying the defendant's application for a separate trial, since the defendant did not demonstrate why a joint trial would prejudice his substantial rights (see, People v Mahboubian, 74 NY2d 174; People v McGee, 68 NY2d 328).

In addition, the court correctly refused to charge the jury regarding voluntary intoxication, as the evidence of intoxication was so minimal that no reasonable person would have entertained a doubt as to the element of intent on that basis (see, People v Perry, 61 NY2d 849; People v Eleby, 137 AD2d 708, supra).

After review of the record, and given the brutality of the crimes committed, we find no merit to the defendant's contention that the sentences imposed warrant reduction (see, People v Suitte, 90 AD2d 80; People v Notey, 72 AD2d 279).

We have considered the remaining contentions raised by the defendant and find them to be without merit. Mangano, J. P., Thompson, Eiber and Balletta, JJ., concur.