■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FABIAN RIVERA, Appellant.—Judgment, Supreme Court, New York County (Leon Becker, J., at suppression hearing; Frederic Berman, J., at jury trial and sentence), rendered December 4, 1987, convicting defendant of robbery in the second degree and sentencing him to an indeterminate term of imprisonment of 5 to 10 years, unanimously affirmed.

The detention of defendant a short distance away and within a short time of the crime was supported by a reasonable suspicion. Only minutes after she had been robbed in the vestibule of her building, the complainant dialed 911. She reported that two black, or, more likely, hispanic youths had robbed her at what she thought was knifepoint. Within a few minutes, Officers Shannon and Barro, who had heard a radio report of a knifepoint robbery committed by an hispanic and a black man, intercepted defendant and his companion a short distance from the scene. When the officers closed within 50 feet, defendant and his companion turned around.

They complied with an order to stop, but then gave an unsatisfactory explanation of their earlier activities. Although they claimed that they had come from 14th Street and Third Avenue, the officers had just spent a half hour at that location. Defendant and his companion were then frisked and

detained until the complainant arrived and made an identification.

The level of the initial police intrusion was reasonably related to its predicate. *(Cf., People v De Bour,* 40 NY2d 210, 215.)* Undeniably, the officers had reason to believe that a crime had just been committed. They were so informed by the radio run. *(See, People v Lypka,* 36 NY2d 210.)* The officers then interfered with defendant in a minimal way by asking him to stop and explain his whereabouts. Defendant's unsatisfactory response gave the police reason for prolonging the inquiry and for frisking him in order to allow the complainant to attempt an identification. We recognize that the description that was broadcast over the radio was not detailed, but the rational inference that flows from the timing of the stop, its distance from the scene of the crime, and defendant's unsatisfactory explanation of his whereabouts supports the finding that the detention of the defendant was reasonable.

Defendant's part in the robbery was established beyond a reasonable doubt by the credible identification testimony of the complaining witness. Although she disavowed her on-the-scene identification of the defendant's companion, Wade, this defendant's conviction is not against the weight of the evidence. *(Cf., People v Bleakley,* 69 NY2d 490.)*

We find no merit to defendant's claim that his right to a fair trial was violated by the court's failure to prevent the prosecutor from questioning Wade about his prior convictions. *(People v McGee,* 68 NY2d 328.)* Defendant's remaining contention, that his right to cross-examine the complaining witness at the suppression hearing was violated, is similarly without merit. Concur—Sullivan, J. P., Milonas, Rosenberger and Smith, JJ.