■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY SCOTT EMERY, Appellant.—Judgment unanimously affirmed. Memorandum: The court did not err in refusing to instruct the jury to apply the more rigorous circumstantial evidence standard. The People's case rested on both direct and circumstantial evidence *(see, People v Barnes,* 50 NY2d 375). Defendant's statement to Neil Bischoff that "I did it, I did it, I did it" while indicating a stabbing gesture and raising his right fist to his chest could have reasonably been interpreted by the fact finder as a "relevant admission of guilt" *(People v Rumble,* 45 NY2d 879, 880; *see, People v Shaw,* 128 AD2d 817, 818; *cf., People v Burke,* 62 NY2d 860; *People v Sanchez,* 61 NY2d 1022; *People v Williams,* 121 AD2d 145). Consequently, we conclude that defendant's admissions constituted direct evidence.

While the court's comments during the voir dire concerning defendant's right to remain silent and the prosecutor's statements on summation regarding defendant's failure to testify were improper *(see, People v Koberstein,* 66 NY2d 989; *People v Jackson,* 127 AD2d 696, 697, *lv denied* 69 NY2d 951), we deem the errors harmless in light of the overwhelming proof of defendant's guilt *(see, People v Crimmins,* 36 NY2d 230). We reject defendant's contention that he was deprived of a fair trial because of alleged improper and unfounded comments by the court and the prosecutor during defense counsel's summation. Similarly, defendant was not deprived of a fair trial because of claimed prosecutorial misconduct during the People's summation *(People v Broadus,* 129 AD2d 997, *lv denied* 70 NY2d 643).

The evidence, viewed in the light most favorable to the People *(see, People v Ford,* 66 NY2d 428), was legally sufficient to support defendant's convictions for murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a

weapon in the third degree (Penal Law § 265.02 [1]; *see, People v Bleakley,* 69 NY2d 490, 495).

The trial court did not abuse its discretion in granting defendant a continuance rather than precluding the prosecutor from introducing certain laboratory test results because of his failure to comply with defense discovery requests until the fifth day of trial *(see,* CPL 240.70 [1]; *People v Rosario,* 124 AD2d 683, *lv denied* 69 NY2d 833). "Where, as here, any potential prejudice arising from noncompliance with the continuing duty of disclosure under CPL 240.20 could be cured by the granting of a continuance, the drastic remedy of preclusion [is] not warranted" *(People v Eleby,* 137 AD2d 708, 709, *lv denied* 71 NY2d 1026).

We have reviewed defendant's remaining contentions and we find them to be either unpreserved *(see,* CPL 470.05 [2]) or, where preserved, lacking in merit. (Appeal from judgment of Orleans County Court, Miles, J.—murder, second degree.) Present—Doerr, J. P., Boomer, Green, Balio and Davis, JJ.