■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT TURLEY, Also Known as ROBERT CORTEZ, Appellant.— Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered November 14, 1985, convicting him of murder in the second degree (two counts), attempted rape in the first degree and sexual abuse in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements made by him to the police and identification testimony.

Ordered that the judgment is affirmed.

We have examined the lineup photographs and conclude that the hearing court properly found that the composition of the panel of lineup suspects was not unduly suggestive. All of the men appear to be of similar appearance and hairstyle. They all sported a moustache and had dark hair, and each wore a white jumpsuit provided by the police *(see, People v Diaz,* 138 AD2d 728; *People v Rodriguez,* 124 AD2d 611; *People v Norris,* 122 AD2d 82).

Further, we agree with the hearing court that the defendant's initial statements to the effect that he was a monster and that he had killed the 12-year-old victim were spontaneous and not the result of any custodial interrogation *(see, People v Lynes,* 49 NY2d 286; *People v Wade,* 143 AD2d 703; *People v Lyons,* 125 AD2d 593). We reject the defendant's argument that suppression of his subsequent statements made following the administration of the *Miranda* warnings was required because the waiver of his rights was unknowing in light of his minimal intelligence. A knowing waiver may be made by a person of subnormal intelligence *(see, People v Williams,* 62 NY2d 285; *People v Love,* 57 NY2d 998; *People v Bucknor,* 140 AD2d 705). In the instant case, the defendant clearly understood the import of the warnings and the waiver was valid.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual

review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

We decline to disturb the determination of the sentencing court and, having reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, we conclude that they are either unpreserved for appellate review or without merit. Bracken, J. P., Eiber, Sullivan and Rosenblatt, JJ., concur.