■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICHARD HERNANDEZ, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Slavin, J.), dated April 27, 1989, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the order is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress identification evidence is denied, and the matter is remitted to the Supreme Court, Kings County, before a different Justice, for further proceedings consistent herewith.

We disagree with the Supreme Court's finding that the lineup in this case, a photograph of which we have examined, was unduly suggestive because two of the lineup participants were white while the defendant was Hispanic, and because the defendant occupied the same position in the lineup as he previously did in a photographic array, which has also been

examined by us. There is no requirement that a defendant in a lineup be surrounded by people nearly identical in appearance *(see, People v Diaz,* 138 AD2d 728; *People v Wiley,* 137 AD2d 735; *People v Mattocks,* 133 AD2d 89; *People v Rodriguez,* 124 AD2d 611). While two of the lineup participants may have had a lighter skin tone than the defendant, they reasonably resembled him in all other physical characteristics *(see, People v Scott,* 114 AD2d 915). Moreover, since there is no per se requirement regarding the numerical composition of lineups *(see, People v Rodriguez, supra,* at 612; *People v Norris,* 122 AD2d 82), the remaining three fillers plus the defendant constituted a fair lineup *(see, People v Norris, supra; People v Johnson,* 122 AD2d 812). Finally, we conclude that no taint resulted from the defendant occupying the same position in the lineup as he did in the photographic array, which was exhibited five weeks earlier. Brown, J. P., Kooper, Sullivan and Harwood, JJ., concur.