■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JOHNSON, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Browne, J.), both rendered September 2, 1988, convicting him of attempted burglary in the second degree under Indictment No. 6806/87, upon his plea of guilty, and rape in the first degree, sodomy in the first degree, robbery in the first degree, burglary in the first degree, burglary in the second degree, criminal trespass in the second degree and criminal use of a firearm in the first degree under Indictment No. 67/88, upon a jury verdict, and imposing sentences. The appeal from the judgment rendered on Indictment No. 67/88 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence of his identification.

Ordered that the judgments are affirmed.

Contrary to the defendant's contentions, we perceive no grounds for reversal with respect to the identification procedures under Indictment No. 67/88. The police went out of their way to accommodate the defendant and make the lineup procedure as fair as possible. The defendant, at his own counsel's suggestion, chose his own seat position and number at the lineup. At his attorney's request the defendant was allowed to switch shirts with a filler. Any height differences between the defendant and the fillers was minimized by all the participants remaining seated. Defense counsel conceded that the police did not say anything to the complainant to draw her attention to any particular person in the lineup. When the complainant arrived at the precinct, the police were careful to assure that she did not see any of the participants before viewing the lineup.

Contrary to the defendant's contention that his plea of guilty to the charge under Indictment No. 6806/87 was based on a mistaken statement of facts, the defendant's allocution was properly addressed to the charges contained in the indictment and fully set forth all the elements of attempted burglary in the second degree. Moreover, the defendant was fully apprised of his rights when he admitted his guilt. Thus, the plea was knowingly, voluntarily and intelligently made and was, therefore, properly accepted by the court.

We have considered the defendant's remaining contentions

and find them to be either unpreserved for appellate review *(see,* CPL 470.05 [2]), or without merit. Sullivan, J. P., Eiber, Miller and Ritter, JJ., concur.