■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MIGUEL PENA, Respondent.—Order, Supreme Court, New York County (Jay Gold, J.), entered June 20, 1990, which granted defendant's motion to suppress physical evidence, unanimously affirmed.

Police officers, part of a team assigned to execute a warrant,

arrived in their vehicle at 1320 Riverside Drive, where the defendant was standing on the sidewalk. As part of their duties relating to the execution of the warrant, the officers had their guns drawn and shields displayed. According to one of the officers, his attention was drawn to the defendant, who appeared nervous. According to the hearing court, whose findings of fact should not be lightly disturbed on appeal (*People v Eleby,* 137 AD2d 707, *lv denied* 71 NY2d 1026), the officer immediately approached the defendant, who dropped a brown paper bag from under his jacket. As the defendant turned, as if to walk away, the officer pointed his gun at defendant and called, "Excuse me." When the defendant failed to respond immediately, and before he took a step, he was physically restrained, and the bag then searched, uncovering a quantity of cocaine.

We find that the police had no reasonable suspicion to restrain or otherwise interfere with defendant prior to searching the paper bag. Because defendant was arrested before the bag was searched, we affirm the grant of suppression on this basis alone, and do not reach the issue whether there was an abandonment of the bag.

The suppression court found that, as the People conceded, there was no probable cause to arrest defendant before the bag was searched, and therefore, the search could not be valid as a search incident to arrest. The suppression court then considered the issue of abandonment, and concluded that, under the circumstances, given the precipitous conduct of the officers, the evidence did not demonstrate an abandonment. Concur—Murphy, P. J., Wallach, Asch, Kassal and Smith, JJ.