■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MITCHELL RANDOLPH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered December 14, 1988, convicting him of manslaughter in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The court's pretrial *Sandoval* ruling *(People v Sandoval,* 34 NY2d 371), permitting the prosecutor to cross-examine the defendant about the underlying facts of a youthful offender adjudication *(see, People v Duffy,* 36 NY2d 258, 264, *cert denied* 423 US 861), did not constitute an improvident exercise of discretion. That the defendant had previously used a handgun during a robbery indicates his willingness to place his own interests above those of society *(see, e.g., People v Sandoval, supra,* at 377; *People v Gonzalez,* 111 AD2d 870).

We reject the defendant's contention that the lineup was unduly suggestive because only one of fillers had a so-called "Jersey" haircut. There is no requirement that a defendant in a lineup be surrounded by people nearly identical in appearance *(see, People v Hernandez,* 164 AD2d 920; *People v Mattocks,* 133 AD2d 89; *People v Rodriguez,* 124 AD2d 611). We have examined photographs of the lineup and conclude that all the participants were similar enough in appearance that there did not exist a substantial likelihood of misidentification *(see, People v Mattocks, supra; People v Rodriguez, supra; cf., People v Moore,* 143 AD2d 1056). We also reject the defendant's contention that the lineup identifications should have been suppressed based on the defendant's claim that the police lacked probable cause to arrest him. The uncontroverted evidence established that the arresting officers knew that a crime had been committed, that the defendant fit the description of the perpetrator, that he had been warned of the police presence during their investigation, and that he had fled when the police eventually tried to apprehend him. Based on the totality of the circumstances known to the arresting officers, we conclude that there was probable cause to arrest the defendant *(see, People v Bigelow,* 66 NY2d 417; *People v Carrasquillo,* 54 NY2d 248, 254; *People v Rivera,* 142 AD2d 742).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]), or without merit. Thompson, J. P., Harwood, Rosenblatt and Ritter, JJ., concur.