■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY GREENE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Cacciabaudo, J.), rendered June 15, 1990, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his convictions is not preserved for appellate review *(see, People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The complainant testified, *inter*

*alia,* that in the early morning hours of December 15, 1988, the defendant, aided by another, entered her cab, and, while the dome light was on, took her pocketbook at gunpoint, and hit her over the head with the butt of the gun. Although there were some minor inconsistencies in the complainant's descriptions to the police with respect to the defendant's appearance, resolutions of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have examined the defendant's remaining contention that the lineups conducted on January 5, 1989, were unduly suggestive and find it to be without merit *(see, People v Johnson,* 172 AD2d 774; *People v Wiley,* 137 AD2d 735). Mangano, P. J., Harwood, Balletta and Eiber, JJ., concur.