■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD BECKETT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joy, J.), rendered February 27, 1990, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and sentencing him to consecutive indeterminate terms of 7 to 21 years imprisonment, 4 to 12 years imprisonment, and 4 to 12 years imprisonment.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing.

The indictment charged the defendant with acting in concert with other persons in connection with the shooting death of the victim inside an apartment in Queens. Two prosecution witnesses testified that the defendant and a companion were armed with guns when they entered the apartment. One of the witnesses testified that she saw the defendant knock the victim to the floor with his gun and fire the gun in the victim's direction. The victim was shot three times. Ballistics evidence established that two weapons were fired inside the apartment but the murder weapon was not recovered. In his statements to the police, the defendant admitted that he was in the apartment at the time of the shooting. However, he

claimed that he was not armed and that his companion fired the shots at the victim.

On appeal, the defendant contends that he was denied a fair trial because the prosecution abandoned the theory of accessorial culpability charged in the indictment and proceeded at trial on the theory of principal culpability. This contention is unpreserved for appellate review, as the issue was not raised during the trial (see, People v Duncan, 46 NY2d 74, cert denied 442 US 910). In any event, the argument is without merit. The record does not support the contention that the People abandoned the theory that the defendant was acting in concert with others, and the charges were submitted to the jury on the theory of accessorial culpability. Moreover, there is no distinction between criminal culpability as a principal and as an accessory (see, People v Duncan, supra; People v Smith, 156 AD2d 756; see also, People v Gaskin, 184 AD2d 525).

The defendant further contends that he was deprived of the right to confront witnesses because he was not permitted to question a prosecution witness about her alleged mental disorder. The nature and extent of cross-examination concerning a witness's credibility lies within the sound discretion of the trial court (see, People v Schwartzman, 24 NY2d 241, cert denied 396 US 846). The court did not err in precluding such questioning, as there was no proof offered that at the time the witness testified she suffered from a mental illness (cf., People v Rensing, 14 NY2d 210; People v Knowell, 127 AD2d 794). The defendant subpoenaed the witness's medical records, but there is no indication that he ever presented them to the court for review or that he requested the court to recall the witness based on information contained in those records.

The Sandoval ruling (see, People v Sandoval, 34 NY2d 371), which permitted the People to question the defendant about the underlying facts of a prior youthful offender adjudication, was not an improvident exercise of the court's discretion (see, People v Greer, 42 NY2d 170; People v Randolph, 181 AD2d 801). In addition, although the court erred in allowing certain hearsay testimony into evidence, the error was harmless in view of the overwhelming evidence of the defendant's guilt (see, People v Crimmins, 36 NY2d 230).

In view of the evidence adduced at the trial and the charges presented to the jury, we find that the court erred in imposing consecutive, rather than concurrent, terms of imprisonment. Accordingly, the matter is remitted to the Supreme Court, Queens County, for resentencing (see, People v Kuey, 155 AD2d

481; Penal Law § 70.25 [2]; *see generally, People v Day,* 73 NY2d 208). Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.