■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODERICK HUNTER, Appellant. [628 NYS2d 334] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered June 28, 1993, convicting him of robbery in the second degree (two counts) and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the lineup in this case was unduly suggestive. It is well settled that, while the lineup participants should have the same general physical characteristics as the defendant, there is no requirement that they be nearly identical in appearance to the defendant *(see, People v Chipp,* 75 NY2d 327, *cert denied* 498 US 883; *People v Baptiste,* 201 AD2d 659; *People v Simmons,* 197 AD2d 648; *People v Christenson,* 188 AD2d 659; *People v Simmonds,* 182 AD2d 650; *People v Mattocks,* 133 AD2d 89). An examination of the photographs of the lineup in this case reveals that all of the participants were similar in appearance to the defendant *(see, People v Baptiste, supra; People v Mattocks, supra).* Moreover, because all of the lineup participants were seated, any differences in their heights were minimized *(see, People v Johnson,* 172 AD2d 774).

The defendant contends that there was insufficient evidence adduced at the trial to establish that he was one of the perpetrators of the crimes of which he was convicted. The defendant failed to raise this issue before the Supreme Court. Therefore, it is unpreserved for appellate review *(see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the

defendant's guilt beyond a reasonable doubt. Moreover, it is well-settled that resolution of issues of credibility and the weight to be accorded to the evidence presented are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Pizzuto, J. P., Hart, Friedmann and Florio, JJ., concur.