THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONNIE SINGLETON, Appellant. [636 NYS2d 796] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Sherman, J.), rendered May 5, 1993, convicting him of robbery in the first degree and robbery in the second degree under Indictment No. 7757/91, upon a jury verdict, and imposing sentence, and (2) five judgments of the same court, all rendered May 27, 1993, convicting him of robbery in the first degree under Indictment No. 7758/91, robbery in the first degree under Indictment No. 7759/91, robbery in the first degree under Indictment No. 352/92, robbery in the first degree under Indictment No. 1751/92, and murder in the second degree under Indictment No. 694/92, upon his pleas of guilty, and imposing sentences. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion made under Indictment No. 7757/91 which was to suppress identification testimony.

Ordered that the judgments are affirmed.

The defendant's contention under Indictment No. 7757/91 that the pretrial identification procedures were unduly suggestive is without merit. Where, as here, "[a]n examination of the hearing testimony reveals that the lineup stand-ins were all

similar to the defendant in terms of ethnic background, height, weight and age", a pretrial lineup will be found not to be unduly suggestive *(People v Diaz,* 138 AD2d 728). There is no requirement that a defendant in a lineup be accompanied by individuals nearly identical in appearance *(see, People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833; *People v Baptiste,* 201 AD2d 659, 660; *People v Hamilton,* 186 AD2d 581, 582; *People v Rotunno,* 159 AD2d 601). Moreover, the record amply supports the hearing court's conclusion that the defendant did not prove that the police procedures employed in this case were impermissibly suggestive *(see, People v Stephens,* 143 AD2d 692, 695).

Further, the defendant's claim that the trial court erred in allowing a police officer to testify that he arrested the defendant after a conversation with a codefendant who did not testify at trial is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Valverde,* 216 AD2d 339; *People v Anthony,* 179 AD2d 765; *People v Caldwell,* 147 AD2d 581; *People v Dubois,* 137 AD2d 706, *supra; People v Cummings,* 109 AD2d 748). In any event, any error was harmless in view of the overwhelming evidence of the defendant's guilt, including the strong identification testimony by the two victims *(see, People v Crimmins,* 36 NY2d 230; *People v Valverde, supra; People v Anthony, supra).*

Finally, the trial court did not improvidently exercise its discretion by denying the defendant's motion to withdraw his pleas of guilty under Indictment Nos. 7758/91, 7759/91, 352/ 92, 1751/92 and 694/92 *(see,* CPL 220.60 [3]; *People v Frederick,* 45 NY2d 520; *People v Tinsley,* 35 NY2d 926; *People v Ortiz,* 216 AD2d 495; *People v Lisbon,* 187 AD2d 457). The defendant knowingly and voluntarily pleaded guilty in the presence of competent counsel after the court had advised him of the consequences of his plea during a thorough and meticulous plea allocution.

The defendant's remaining contentions are either unpreserved for appellate review *(see, People v McGee,* 68 NY2d 328, 333-334; *People v Santiago,* 204 AD2d 497) or do not warrant reversal *(see, People v Gagne,* 129 AD2d 808, 811). Sullivan, J. P.; Balletta, Miller and O'Brien, JJ., concur.