■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN KENNEDY, Appellant. [698 NYS2d 39] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flaherty, J.), rendered August 2, 1996, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to prove his guilt by legally sufficient evidence is unpreserved for appellate review because he failed to raise with specificity his claims regarding identification before the trial court (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245).

In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's identity as the perpetrator beyond a reasonable doubt. The complainant observed the defendant face to face in a well-lit area during the robbery and picked him out of a line-up only five days later. Moreover, any inconsistencies between the complainant's trial testimony, her prior statements, and the defendant's appearance were explored at trial, and the jury resolved the issue of credibility in favor of the prosecution. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84; *People v Williams,* 184 AD2d 606; *People v Greene,* 184 AD2d 729). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People*

*v Garafolo,* 44 AD2d 86). Upon exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of evidence (*see,* CPL 470.15 [5]). Bracken, J. P., Friedmann, Goldstein and Smith, JJ., concur.