■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY JAMES SMITH, JR., Appellant.—Appeal by the defendant from two judgments of the County Court, Orange County (Ritter, J.), both rendered August 24, 1982, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree under indictment No. 79-82, and criminal facilitation in the fourth degree as a lesser included offense of the crimes charged in indictment No. 78-82, upon jury verdicts, and imposing sentences.

Judgments reversed, as a matter of discretion in the interest of justice, indictment No. 78-82 dismissed, without prejudice to the submission of any appropriate charges to another Grand Jury, or the filing of a misdemeanor information *(see,*

*People v Beslanovics,* 57 NY2d 726), and a new trial granted on indictment No. 79-82. No questions of fact have been raised or considered.

The charges against the defendant arose from his involvement in the sale of heroin to an undercover officer in February 1982. Prior to trial, the defendant moved, *pro se,* to disqualify the Trial Judge on the ground that in 1972 and again in 1973, the Judge, then an Assistant District Attorney, had prosecuted him on drug-related charges, the latter prosecution resulting in a plea of guilty and a sentence of 2⅓ to 7 years' imprisonment, and further, that in 1979 and 1980, while the Trial Judge was the District Attorney, the defendant was again prosecuted on a drug-related charge which was ultimately dismissed. By order dated June 14, 1982, the motion was denied, the court finding that no conflict or bias existed which would warrant recusal. The motion was renewed at the *Wade* hearing, and it was learned at that time that, on at least one occasion while he was District Attorney, the Trial Judge may have prosecuted the defendant, resulting in a conviction, and also that he had used the defendant as a witness in a Grand Jury proceeding in connection with a police corruption investigation. Nevertheless, the renewed motion was denied and the case proceeded to trial.

At trial, and in response to the defendant's agency defense, the People produced as a witness Police Investigator John Hanson, who testified with respect to the 1972 drug charges against the defendant, which had been prosecuted by the Trial Judge. Specifically, Hanson testified to an undercover drug buy in which he received four glassine envelopes from the defendant which a laboratory report later showed contained heroin. Although the defendant's objection to the hearsay testimony that the envelopes contained heroin was sustained, the defendant moved for a mistrial on the ground that the improper testimony was so inherently prejudicial that no curative instruction would be effective. The court denied the motion, stating that "in fact, all of us involved in this case know that, by reason of the fact that the earlier case, the 1972 transaction was the subject of a case that was tried and resulted in a mistrial and during the course of that case there was evidence from a chemist, New York State Police Laboratory, which established that the contents of the four glassine envelopes in question contained heroin". The court also denied the defendant's further motion to elicit testimony to the effect that the earlier case about which Hanson had testified had resulted in a mistrial.

While the decision on a recusal motion is generally a matter of personal conscience *(People v Smith,* 63 NY2d 41, 68, *cert denied* 469 US 1227; *People v Tartaglia,* 35 NY2d 918, 919; *see also, Corradino v Corradino,* 48 NY2d 894), we find that under the circumstances of the instant case, the defendant's motion should have been granted. Consequently, the judgements appealed from must be reversed. In light of our determination, we do not address the defendant's remaining contentions. Neihoff, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.