■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROYCE BEAMAN, Also Known as GARY BEAMAN, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered July 13, 1984, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and new trial ordered.

The defendant asserts that he was deprived of a fair trial when the prosecutor called a witness to the stand knowing he would refuse to testify. In determining whether prejudice results in such a situation, a court should "[look] to the surrounding circumstances in each case, focusing primarily on two factors, each of which suggests a distinct ground of error" (Namet v United States, 373 US 179, 186; People v Berg, 59 NY2d 294). The first factor relates to the prosecutor's motive in calling the witness, that is, whether the witness's refusal to answer was deliberately demonstrated to the jury for the purpose of having it draw unwarranted inferences against the defendant (Namet v United States, supra; People v Berg, supra). "The second basis for finding error exists when it appears that the inferences from such a refusal to testify added critical weight to the prosecution's case in a form not

subject to cross-examination" *(People v Berg, supra,* at p 298; *Namet v United States, supra).*

Here, the witness refused, while on the witness stand, to answer any of the questions put to him by the prosecutor. The jury was excused, and the court was advised that the witness would not testify because he had received threats from an unidentified caller. The People were then permitted to recall the witness and ask him questions, which he steadfastly refused to answer, as to his observations of the defendant on the night in question, thereby attempting to "build a case out of innuendos and inferences of guilt" *(see, People v Malphurs,* 111 AD2d 266, 270). Additionally, the prosecutor improperly capitalized, during summation, on the witness's refusal to testify, referring to him as the "human clam" and commented that although he had testified before the Grand Jury, he had nothing to say at trial *(see, People v Berg, supra; People v Malphurs, supra).* This behavior supports our finding of prosecutorial misconduct and thus the first prong of the test, i.e., an improper motive is present here.

Turning to the second factor, we also are of the view that the witness's refusal to answer added critical weight to the prosecutor's case. The prosecutor had stated in his opening that the witness had seen the defendant leave the scene of the crime; the jury could have reasonably speculated that the witness had been threatened and had refused to testify out of fear. This conclusion is especially compelling as the court failed at any time to caution the jury to refrain from speculation about the witness's refusal to testify and to not allow his conduct to enter into their deliberations *(see, People v Berg, supra).* This error cannot be considered harmless as the witness's expected testimony was the only evidence corroborating the victim's dying declaration identifying the defendant as his assailant. Accordingly, a new trial is warranted.

We also note that while a more complete identification charge would have been preferable, the defendant's contention with respect to the charge was not preserved for our review, nor do we find it necessary to reach this issue in light of the foregoing analysis.

We have examined the defendant's remaining contentions and find them to be without merit. Gibbons, J. P., Bracken, Niehoff and Kunzeman, JJ., concur.