■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY HERNANDEZ, Appellant.—Appeals by the defendant (1) from a judgment of the County Court, Westchester County (Cowhey, J.), rendered October 14, 1983, convicting him of attempted murder in the second degree, assault in the first degree, robbery in the first degree (three counts), robbery in the second degree, and criminal possession of a weapon in the second degree (four counts), under indictment No. 81-00697-01, upon a jury verdict, and imposing sentence, and (2) from two judgments of the same court (Leary, J.), both rendered October 24, 1983, convicting him of promoting prison contraband in the first degree under indictment No. 82-00261, and of promoting prison contraband in the first degree and attempted escape in the first degree under indictment No. 82-01323, upon his pleas of guilty, and imposing sentences. The appeal from the judgment rendered October 14, 1983, brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification evidence and a statement made by him.

Judgments affirmed.

The court's rulings with respect to those branches of the defendant's omnibus motion which were to suppress identification evidence and a statement made by him were correct. The police did not act improperly either by failing to preserve photographs which had been shown to the victim but which were not part of the photo array containing the defendant's photograph or by failing to conduct a "blank" lineup prior to the lineup in which the defendant participated. Nor was it improper for the police merely to inform the victim, prior to his viewing the lineup, that they had picked up a possible suspect (see, Brayboy v Scully, 695 F2d 62, 65, cert denied 460 US 1055). The defendant had no right to representation by counsel at this prearrest investigatory lineup (see, People v Hawkins, 55 NY2d 474, cert denied 459 US 846). Any alleged irregularities could be brought out through examination of the witnesses to the lineup procedure (see, People v Hawkins, supra, at p 486, n 4). The lineup identification of the defendant by the victim was not tainted by any irregularity and provided probable cause for the arrest of the defendant (see,

*People v Coleman*, 114 AD2d 906, *lv denied* 66 NY2d 1038). Additionally, there is no evidence in the record of any misconduct by the police in their inadvertently overhearing the inculpatory postarrest statement made by the defendant while talking on the telephone to a person whom he claimed he was calling to bring him some clothes.

The defendant must be deemed to have abandoned any claim with respect to the trial court's failure to dismiss for cause the prospective juror who had stated that she would consider the indictment as some evidence of guilt. When the court stated, in response to the defendant's motion, that it did not recall her comments, defense counsel did not press the issue, ask for a readback of the voir dire, or even request a ruling; instead, he merely exercised a peremptory challenge. Absent any such efforts, the claim cannot be considered preserved for review.

The trial court did not err in denying the defendant's motion to dismiss for cause another prospective juror on the ground that the venireman was a former police officer. The prospective juror stated unequivocally in response to several questions that his former employment would not affect his judgment as a juror, and made no other comments that in any way reflected "a state of mind * * * likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]).

We find no merit in the defendant's remaining contentions. Gibbons, J. P., Bracken, Niehoff and Kunzeman, JJ., concur.