■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE MASON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered May 9, 1985, convicting him of robbery in the first degree (three counts), robbery in the second degree (three counts), and burglary in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was for the suppression of identification testimony.

Ordered that the judgment is affirmed.

We have reviewed the evidence presented at the pretrial hearing and conclude that the branch of the defendant's motion which was to suppress the identification testimony of the three main prosecution witnesses was properly denied. The fill-ins for both the photographic array and the lineup were sufficiently similar in appearance to the defendant such that no characteristic or visual clue would have oriented the viewer towards selecting the defendant as a participant in the crime (see, People v Cunningham, 110 AD2d 708). In addition, the lineup was not tainted by the fact that the defendant's name was handwritten on the back of the photograph selected by the witnesses. Notwithstanding the fact that each witness testified that the other participants in the crime referred to

the defendant by his name, the witnesses did not see the back of the photographs until after they had selected the defendant's picture. Moreover, because the lineup was not conducted until more than two months after the use of the photographic array, any possible bolstering effect which could have resulted from the fact that the witnesses saw the defendant's name on the back of the selected photograph was vitiated *(see, People v Chamberlain,* 96 AD2d 959). Thompson, J. P., Weinstein, Rubin and Spatt, JJ., concur.