■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WOODROW COLLINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered March 6, 1985, convicting him of burglary in the first degree (two counts), robbery in the first degree (two counts), and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Balbach, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant challenges on several grounds the hearing court's denial of that branch of his omnibus motion which was to suppress identification testimony. First, the defendant claims that because of an alleged delay in his arraignment on an unrelated criminal complaint, we should find that formal prosecutorial proceedings had been initiated requiring the presence of counsel at the lineup. This claim is without merit. There is nothing in the record to suggest that the defendant's arraignment on the unrelated criminal charges was unduly delayed. Further, since no formal prosecutorial proceedings had yet been initiated with respect to the instant charges, the defendant had no right to have counsel present at the investigatory lineup (see, *People v Hawkins,* 55 NY2d 474, *rearg denied sub nom. People v Laffosse,* 56 NY2d 1032, *cert denied* 459 US 846; *People v Mosley,* 135 AD2d 662; *People v Hernandez,* 122 AD2d 856, *lv denied* 69 NY2d 712).

Second, the defendant argues that a remark by the police to the two witnesses, prior to their viewing of the lineup, that they had arrested two men who would be among the individu-

als exhibited, rendered the lineup impermissibly suggestive. This remark, which merely "informed the complainant that the police had picked up a suspect, not *necessarily* the person who robbed him", was not improper *(People v Warner,* 125 AD2d 430, 431, *lv denied* 69 NY2d 887; *People v Hernandez, supra).*

The defendant further raises the claim that the police lacked the requisite probable cause to arrest him and that therefore, the pretrial identification should have been suppressed as being tainted by the unlawful arrest. However, having failed to raise this claim before the hearing court, the defendant has not preserved it for appellate review (CPL 470.05 [2]; *People v Warner, supra).*

Nor do we find that the lineup was impermissibly suggestive or created a substantial likelihood of irreparable misidentification. The fill-ins for the lineup were sufficiently similar in appearance to the defendant such that the viewer would not have been oriented toward selecting the defendant as a participant in the crimes charged *(see, People v Rodriguez,* 124 AD2d 611; *People v Mason,* 123 AD2d 720, *lv denied* 69 NY2d 714). There is no requirement that a defendant in a lineup be surrounded by individuals nearly identical in appearance *(People v Rodriguez, supra).*

Upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt, and that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant charges that numerous instances of prosecutorial misconduct and trial court errors deprived him of a fair trial. We need not address the majority of the claims of prosecutorial misconduct because, having failed to raise any objection thereto at trial, the defendant has failed to preserve such claims for our review (CPL 470.05 [2]) and we decline to consider these claims in the interest of justice. To the extent that the defendant's contentions in this regard were preserved, we do not believe that the prosecutor's remarks operated to deprive the defendant of a fair trial.

The defendant claims that the prosecutor's opening statement was inadequate because it did not substantially link him to the crimes charged in the indictment. "[A]bsent bad faith nor undue prejudice, a trial will not be undone for deficiencies in an opening statement" *(People v Watson,* 121 AD2d 487, 488, *lv denied* 68 NY2d 818). Not only do we find no insuffi-

ciency in the opening, but also neither bad faith nor prejudice is evident upon this record.

The defendant also asserts that the trial court's failure to strike the testimony of the complainant Harry Zarin when he failed to respond "in a fair and forthright manner" to questions directed to him during cross-examination deprived him of a fair trial. The trial court noted on the record that Mr. Zarin was a difficult witness and admonished him. The court's action was sufficient to cure whatever harm the defendant may have suffered by the conduct of the witness (see, People v Berg, 59 NY2d 294, 299; People v Jones, 120 AD2d 747, 748; cf., People v Beaman, 122 AD2d 848, 849, lv denied 68 NY2d 809).

Contrary to the defendant's contention, we do not believe that the concurrent sentences of 8⅓ to 25 years on each of the burglary and robbery convictions and 2⅓ to 7 years on the assault conviction, which were to run consecutively to the sentence imposed upon a conviction under indictment No. 3344/83 and to any parole owed upon a North Carolina conviction were excessive. Given the defendant's lengthy criminal history and the violent nature of the crimes charged, the sentences imposed were a proper exercise of discretion and we decline to disturb them.

We have considered the defendant's remaining contentions, including those raised in his pro se supplemental brief, and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.