■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WOODROW COLLINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered March 6, 1985, convicting him of robbery in the first degree (two counts) and burglary in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Balbach, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant argues that a lineup identification was impermissibly suggestive because of a remark by the police to one of the complainants that the police had apprehended two men whom they suspected might be responsible for the rob-

bery of the complainant and those apprehended individuals would be exhibited in a lineup. We do not find that this remark rendered the lineup improper. "[A]t most [it] informed the complainant that the police had picked up * * * suspect[s], not *necessarily* the person[s] who robbed [her]" *(People v Warner,* 125 AD2d 430, 431, *lv denied* 69 NY2d 887; *see, People v Hernandez,* 122 AD2d 856, *lv denied* 69 NY2d 712). Moreover, the defendant was not deprived of his right to counsel at the lineup as no formal prosecutorial proceedings had yet been initiated *(see, People v Hawkins,* 55 NY2d 474, *rearg denied sub nom. People v Laffosse,* 56 NY2d 1032, *cert denied* 459 US 846; *People v Hernandez, supra).* The defendant's claim that his arraignment on an unrelated criminal complaint had been unnecessarily delayed and, therefore, his right to counsel had attached, is without merit *(see, People v Hopkins,* 58 NY2d 1079). Nor do we find that the lineup was unduly suggestive or created a substantial likelihood of irreparable misidentification. The fill-ins for the lineup were sufficiently similar in appearance to the defendant such that the viewer would not have been oriented toward selecting the defendant as a participant in the crimes charged *(see, People v Collins,* 136 AD2d 720 [decided herewith]; *People v Rodriguez,* 124 AD2d 611; *People v Mason,* 123 AD2d 720). There is no requirement that a defendant in a lineup be surrounded by individuals nearly identical in appearance *(People v Rodriguez, supra).* In any event, there was clearly an independent basis for the complainant's in-court identification of the defendant since the complainant had ample opportunity to observe the defendant at close range under good lighting conditions for a period of about 30 to 40 minutes *(see, People v Adams,* 53 NY2d 241; *Manson v Brathwaite,* 432 US 98, 114).

The defendant charges that he was deprived of a fair trial by numerous prejudicial and inflammatory comments made by the prosecutor in the course of his summation. Many of these issues have not been preserved for our review as the defense counsel registered no objection thereto before the trial court *(see,* CPL 470.05 [2]; *People v Nuccie,* 57 NY2d 818, 819; *People v Marmolejos,* 125 AD2d 335, 336, *lv denied* 69 NY2d 830, *lv denied sub nom. People v Pena,* 69 NY2d 831). In those instances in which an objection was made, any minimal prejudice which might have arisen from the prosecutor's remarks was overcome by the court's sustaining defense counsel's objections or its taking prompt curative action. In any event, the prosecutor's summation in the main was a proper

response to the defense counsel's summation *(see, People v Street,* 124 AD2d 841, *lv denied* 69 NY2d 834).

The defendant next contends that the trial court erred in refusing to grant his application characterized as one for a change of venue but which was, in effect, a request that the Trial Judge recuse himself because he had presided at an earlier trial of the defendant on unrelated charges *(see, People v Collins, supra).* The trial court found no conflict or bias existed which would warrant recusal. "[T]he decision on a recusal motion is generally a matter of personal conscience" *(People v Smith,* 63 NY2d 41, 68, *cert denied* 469 US 1227; *People v Smith,* 120 AD2d 753, 755). An examination of the record demonstrates that the trial court did not abuse its discretion in presiding over the instant trial.

We also reject the defendant's contention that the trial court erred in permitting the People, before the trial commenced, to amend the indictment to add the words "acting in concert with another person". Throughout these proceedings, it was clear that the People sought to prove that the robbery in question was committed by a "Mutt and Jeff" team. Therefore, the amendment did not "change the theory * * * of the prosecution as reflected in the evidence before the grand jury which filed [the] indictment, or otherwise tend to prejudice the defendant on the merits" (CPL 200.70 [1]; *see, People v Hartman,* 123 AD2d 883, *lv denied* 69 NY2d 712).

We find nothing in the record before us which would warrant a modification of the defendant's sentence. The defendant's remaining contentions, including those raised in his *pro se* supplemental brief, have been examined and have been found to be either unpreserved for appellate review or without merit. Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.