■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS MCKAY, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (O'Dwyer, J.), both rendered August 11, 1983, convicting him of attempted murder in the second degree under indictment No. 2664/82, and robbery in the first degree under indictment No. 2549/82, upon his pleas of guilty, and imposing sentences. The appeal brings up for review the denials (Agresta, J., on indictment No. 2664/82, and Sharpe, J., on indictment No. 2549/82), after separate hearings, of that branch of the defendant's omnibus motion which was to suppress his confession under indictment No. 2664/82, and that branch of his omnibus motion which was to suppress his confession and identification testimony under indictment No. 2549/82.

Ordered that the judgments are affirmed.

Those branches of the defendant's motions which were to suppress his confessions with respect to both indictments and identification testimony with respect to the robbery indictment were properly denied. The defendant's claim that the police lacked probable cause to arrest with respect to the robbery case was not raised in the hearing court and, therefore, is not preserved for appellate review *(see,* CPL 470.05; *People v Martin,* 50 NY2d 1029). In any event, the defendant was identified as one of the perpetrators by an accomplice. This identification provided probable cause for his arrest *(see,*

*People v Hairston,* 117 AD2d 618, 620). Furthermore, the defendant's arrest in the homicide case followed his confession to a police detective concerning his involvement in that crime. Thus, that arrest was also based on probable. cause. The confession was made while the defendant's robbery arrest was being processed and before the right to counsel had attached or had been invoked.

The defendant's challenge to the voluntariness of his confessions is also meritless. The hearing courts' determinations crediting the testimony of the prosecution's witnesses are supported by the record and should not be disturbed *(see, People v Armstead,* 98 AD2d 726).

Furthermore, the defendant's claim that he was entitled to the representation of counsel at a lineup was properly rejected. The lineup was investigatory, and the right to counsel had not yet attached *(see, People v Hawkins,* 55 NY2d 474, *rearg denied sub nom. People v Laffosse,* 56 NY2d 1032, *cert denied* 459 US 846). Finally, the defendant's claim that the lineup was suggestive because the robbery victim had been told that it would contain a "suspect" is not supported by the record. The victim specifically testified, without contradiction, that no such representation had been made. In any event, a lineup is not rendered impermissibly suggestive if the person viewing it has been told that it contains a suspect *(see, People v Collins,* 136 AD2d 722, *lv denied* 71 NY2d 894).

With respect to the defendant's challenges to the sufficiency of the plea allocutions, he failed to move to withdraw his pleas in the Supreme Court, Queens County, and, accordingly, has not preserved his claims for appellate review *(People v Hoke,* 62 NY2d 1022; *People v Pellegrino,* 60 NY2d 636). In any event, we find that the allocutions established the requisite elements of the crimes, and that the defendant's guilty pleas were knowing and voluntary *(see, People v Harris,* 61 NY2d 9).

Finally, the concurrent terms of incarceration imposed were exactly the sentences promised when the guilty pleas were entered and were appropriate under the circumstances of these cases *(see, People v Kazepis,* 101 AD2d 816). Mangano, J. P., Bracken, Eiber and Spatt, JJ., concur.