■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY G. FAMULARI, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered October 4, 1985, convicting him of burglary in the second degree (two counts) and attempted burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review an order of the same court, dated June 17, 1985, which denied the defendant's motion to sever counts one and two, charging burglary in the second degree and attempted burglary in the second degree, respectively, from the remaining count in the indictment.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that the People improperly joined the separate offenses under one indictment. The People opposed the defendant's pretrial severance motion on the ground that although the alleged crimes were committed in separate locations and on different dates, CPL 200.20 (2) (c) permits such a joinder under a single indictment because the charges are "defined by the same or similar statutory provisions and consequently are the same or similar in law". Thus, even though the indictment alleged that the acts were connected and formed part of a common scheme and plan, the defendant was on notice when his motion for severance was denied that the joinder was pursuant to CPL 200.20 (2) (c), and that the People were not proceeding to trial to prove a common scheme and plan.

Moreover, severance under CPL 200.20 (3) is discretionary and denial of the pretrial motion was proper since the defendant did not show good cause or the manner in which the interest of justice demanded that the counts be severed *(see, People v Lane,* 56 NY2d 1).

The defendant's second contention, that the prosecutor's opening statement was legally insufficient, is without merit. The opening statement gave every detail required in an opening. As the trial court correctly noted of the prosecutor: "He can't say anymore" *(see, People v Kurtz,* 51 NY2d 380, 384; *see also, People v Collins,* 136 AD2d 720).

We also do not find the defendant's sentence to be excessive

*(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Rubin, Sullivan and Harwood, JJ., concur.