■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARSHALL AUSTIN, Appellant. [605 NYS2d 103] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered May 4, 1988, convicting him of attempted murder in the second degree, assault in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On April 14, 1986, the complainant observed two people arguing on the street. He recognized the woman, but not the man, who is the defendant in this matter. The defendant was the woman's husband. The complainant made repeated attempts to break up the dispute, even though the woman had not asked him for assistance. The defendant told the complainant not to get involved. When the complainant ignored the request, the defendant, one of the defendant's friends, and the complainant got into an argument. The defendant's friend had a gun and the defendant took the gun from him and fired once at the complainant, injuring his jaw.

The defendant claims that because the prosecutor had notice that the defendant's wife would not be a cooperative witness, the prosecutor showed bad faith in calling her to the stand and persisting in asking her questions after she failed to respond to some of them. The defendant relies on People v Beaman (122 AD2d 848) for the proposition that this constituted the bad faith use of a silent witness and was reversible error because it was used to add critical weight to the People's case by creating inferences not subject to cross-examination. However, the record indicates that the prosecutor believed that the defendant's wife was willing to testify at the time he served her with a subpoena. Further, the defendant's wife answered a critical question at trial that placed the defendant at the crime scene. Under these circumstances, it cannot be said that the prosecutor acted in bad faith. In any event, if

there were inferences to be drawn from the witness's silence and her testimony that she was "scared", those inferences were not critical to this case. The complainant identified the defendant as the shooter and the defendant's wife placed the defendant at the scene of the crime. Thus, any unwarranted inference of corroboration of the defendant's identity as the criminal, stemming from the defendant's wife's silence on certain questions, was harmless error (see, People v Crimmins, 36 NY2d 230, 242).

The defendant further contends that it was error for the trial court to respond orally, without prior notice to the attorneys, to certain questions by the jury during deliberations. While it would have been preferable for the court to observe the statutory requirement to give counsel meaningful prior notice of jury questions during deliberations (see, CPL 310.30; see also, People v O'Rama, 78 NY2d 270, 277), we find that the court's failure to do so in this case did not seriously prejudice the defendant (see, People v Agosto, 73 NY2d 963, 967).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review (see, CPL 470.05 [2]) or without merit. Thompson, J. P., Bracken, Balletta and Santucci, JJ., concur.