■ The People of the State of New York, Respondent, v Joseph Morales, Appellant. [613 NYS2d 394] —Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered May 15, 1991, convicting defendant, after a jury trial, of two counts of robbery in the first degree, grand larceny in the third degree, and unauthorized use of a vehicle in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 9 to 18 years, 9 to 18 years, 3½ to 7 years and 2 to 4 years, respectively, unanimously affirmed.

Contrary to defendant's argument on appeal, he was not deprived of a fair trial when no curative instruction was given in response to his brief, spontaneous and inculpatory statement from the defense table in apparent reaction to the complainant's testimony. Defense counsel never requested such an instruction *(see, People v Leitzsey,* 173 AD2d 488, 488-489, *lv denied* 78 NY2d 969); there is no "requirement that a

defendant affirmatively be stopped from making an inculpatory statement" *(People v Gonzales,* 75 NY2d 938, 940, *cert denied* 498 US 833); it is presumed that the jurors followed the court's general instructions on what constitutes evidence and disregarded defendant's statement *(People v Davis,* 58 NY2d 1102, 1104); and, assuming a curative instruction should have been given, the failure to do so was harmless in view of the overwhelming evidence of guilt *(People v Crimmins,* 36 NY2d 230). Concur—Sullivan, J. P., Carro, Wallach, Rubin and Williams, JJ.