# RRCI CONSTRUCTORS, LLC, Plaintiff
## v.
# CHARLIE'S/DIAMOND READY MIX, INC. and CONCRETE BUILDING PRODUCTS, INC., Defendants

Civil No. 2007-147

District Court of the Virgin Islands

Division of St. Thomas and St. John

May 12, 2008

John H. Benham, III, Esq., St. Thomas, U.S.V.I., *For the plaintiff.*

Emile A. Henderson, III, Esq., St. Croix, U.S.V.I., *For defendant Charlie's/Diamond Ready Mix, Inc.*

Renee D. Dowling, Esq., St. Croix, U.S.V.I., *For defendant Concrete Building Products, Inc.*

Gómez, *Chief Judge.*

## MEMORANDUM OPINION AND ORDER

(May 12, 2008)

Before the Court is the motion of defendant Concrete Building Products, Inc. ("CBP") for recusal of the undersigned district judge.

The plaintiff in this matter, RRCI Constructors, LLC ("RRCI"), commenced this action in December, 2007 against defendants Charlie's/Diamond Ready Mix, Inc. ("Ready Mix") and CBP (collectively referred to as the "Defendants") to compel arbitration. According to the complaint, CBP is the successor-in-interest to Ready Mix. RRCI alleges that it entered into an agreement with Ready Mix whereby RRCI leased certain items of equipment from Ready Mix. RRCI further alleges that the Defendants have failed to pay certain sums owed to RRCI for repairs to that equipment as required by the parties' agreement. According to RRCI, such a dispute is subject to an arbitration clause set forth in the agreement. CBP now moves for the recusal of the undersigned under one provision of the federal recusal statute, 28 U.S.C. § 455(a).

██ ██ Section 455(a) states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The Supreme Court has stated that the purpose of this provision is "to promote public confidence in the integrity of the judicial process." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988). "A party seeking recusal need not show actual bias on the part of the court, only the possibility of bias. . . . Under § 455(a), if a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality under the applicable standard, then the judge must recuse." *Krell v. Prudential Ins. Co. of Am. (In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions),*

148 F.3d 283, 343 (3d Cir. 1998) (internal quotations omitted); *see also Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) ("The standard for recusal is whether an objective observer reasonably might question the judge's impartiality."). Furthermore, "whether to recuse from hearing a matter lies within the sound discretion of the trial judge." *United States v. Wilensky*, 757 F.2d 594, 599-600 (3d Cir. 1985).

Here, CBP asserts that it is owned and operated by an individual named John F. Tutein ("Tutein"). According to CBP, Tutein was prosecuted in this Court in 1999 by the undersigned when the Undersigned was an Assistant United States Attorney in this district.[1] CBP argues that the undersigned should be recused from this matter to avoid the appearance of impartiality purportedly stemming from that prosecution.

Courts appear to be divided on whether a judge should recuse himself from hearing a matter involving a defendant whom the judge previously prosecuted in unrelated criminal proceedings. Some courts have held that under some circumstances disqualification is required where the judge previously had prosecuted the defendant on unrelated charges. *See, e.g., United States v. Zerilli*, 328 F. Supp. 706, 707-08 (C.D. Cal. 1971) (holding that because of the appearance of prejudice, the judge had to disqualify himself from sitting on a case involving a defendant whom the judge had prosecuted on different charges in his previous capacity as district attorney); *People v. Smith*, 120 A.D.2d 753, 754, 503 N.Y.S.2d 72 (N.Y. App. Div. 1986) (holding that the trial judge should have recused himself from presiding over a trial for drug-related charges when, on two prior occasions, he had prosecuted the defendant on similar charges).

■ The majority rule, however, appears to be that a judge who formerly served as a prosecutor is not disqualified from participating in a defendant's case even though he or she personally prosecuted the same defendant in a previous, unrelated case. *See, e.g., Del Vecchio v. Illinois Dept. of Corrections*, 31 F.3d 1363, 1375 (7th Cir. 1994) (en banc) (holding that recusal was not required in a murder trial on the ground that the judge had prosecuted the defendant for a different murder fourteen years earlier); *Jenkins v. Bordenkircher*, 611 F.2d 162, 167 (6th Cir. 1979) (rejecting a *per se* rule that a judge may never preside at trial when, as a

---

[1] In its motion, CBP asserts that Tutein was acquitted by a jury.

prosecutor, he had previous contact with the defendant on totally unrelated criminal charges), *cert. denied*, 446 U.S. 943, 100 S. Ct. 2169, 64 L. Ed. 2d 798 (1980); *United States v. Outler*, 659 F.2d 1306, 1312 (5th Cir. 1981) (holding that a magistrate judge who issued a search warrant was not obligated to disqualify himself even though he had prosecuted the defendant three years earlier in an unrelated case); *Gravenmier v. United States*, 469 F.2d 66, 67 (9th Cir. 1972) (holding that where the trial judge was of counsel in a prior prosecution six years before the present unrelated prosecution, recusal was not required); *People v. Curkendall*, 12 A.D.3d 710, 714, 783 N.Y.S.2d 707 (N.Y. App. Div. 2004) ("We find no merit in defendant's contention that he was denied a fair trial by the County Judge's refusal to recuse himself from the case because he had prosecuted defendant 14 years earlier on a similar offense when he was the District Attorney. Disqualification under these circumstances was not mandated."), *leave to appeal denied*, 824 N.E.2d 56, 4 N.Y.3d 743, 790 N.Y.S.2d 655 (2004); *Wise v. State*, 257 Ga. App. 211, 570 S.E.2d 656, 660 (2002) ("[A] judge is not automatically disqualified from sitting or acting in criminal cases merely on the ground that the judge, in prior employment, has previously prosecuted the defendant in unrelated criminal proceedings."); *In re K.E.M.*, 89 S.W.3d 814, 826 (Tex. App. 2002) (noting that "it is well settled . . . that the mere fact that the trial judge personally prosecuted the defendant for past crimes does not disqualify the judge from presiding over a trial where a new offense is charged") (citations omitted); *Commonwealth v. Darush*, 501 Pa. 15, 459 A.2d 727, 730-32 (1983) (holding that the trial judge's previous prosecution of a defendant did not require the trial judge's recusal in a different criminal case involving that defendant).

In *Jenkins v. Bordenkircher*, 611 F.2d 162 (6th Cir. 1979), for example, the petitioner appealed the district court's denial of his application for a writ of habeas corpus. One of the grounds the petitioner asserted in support of his application was that the state trial judge should have recused himself from the case, in which the petitioner was convicted of murder and armed robbery. *Id.* at 164. Before assuming the bench, the judge had served as a prosecutor and prosecuted the defendant in three separate proceedings: on a charge of storehouse breaking, on the misdemeanor charge of drawing and flourishing a deadly weapon, and on a charge of grand larceny. *Id.* at 165-66. Despite those prosecutions, the

Sixth Circuit held that the trial judge was not obligated to recuse himself. *Id.* at 167. Specifically, the court reasoned as follows:

> All previous contacts between the petitioner and Judge Melton occurred between five and thirteen years before the trial of the present case. The most serious previous charge in which Judge Melton was involved as prosecutor was grand larceny, whereas the charges at the instant trial were of an entirely different magnitude. Absent some showing of hostility or prejudgment we will not assume that a state court judge would not be able to give a defendant a fair trial solely because of his earlier contacts with the defendant in prosecuting totally unrelated charges. Thus we look at the record to see if there is evidence of hostility or bias.

*Id.* at 166. Not finding any such evidence, the Sixth Circuit declined to find that the petitioner had met his burden of showing that habeas relief was warranted on this ground. *Id.* at 167.

 Applying the principles outlined above, the Court finds that several factors in this matter compel the conclusion that no reasonable person could question the undersigned's impartiality in this matter. First, courts have held that there was no reasonable appearance of partiality in cases whose circumstances admittedly presented more compelling cases for recusal than the one before this Court. For example, in *U.S. v. Watson*, 1 F.3d 733 (8th Cir. 1993), the Eighth Circuit Court of Appeals held that a judge could preside over a case against a defendant even after the defendant had sued the judge. In *U.S. v. Payne*, 944 F.2d 1458 (9th Cir. 1991), the Ninth Circuit Court of Appeals held that the judge's previous participation on the Attorney General's Commission on Pornography did not create an appearance of bias when presiding over a criminal case dealing with carnal knowledge of a female under age sixteen. In *United States v. Hurst*, 951 F.2d 1490, 1503 (6th Cir. 1991), *cert. denied*, 504 U.S. 915, 112 S. Ct. 1952, 118 L. Ed. 2d 556 (1992), the Sixth Circuit Court of Appeals held that it was "satisfied that a reasonable person would consider the trial judge to be impartial" when he had presided in a criminal fraud trial involving a defendant against whom, as a private lawyer, the judge had filed a suit alleging fraud. In *Tafero v. Wainwright*, 796 F.2d 1314 (11th Cir. 1986), *reh'g denied*, 807 F.2d 999 (11th Cir. 1986), *cert. denied*, 483 U.S. 1033, 107 S. Ct. 3277, 97 L. Ed. 2d 782 (1987), the Eleventh Circuit Court of Appeals held that the fact that the

trial judge had previously been a police officer and had attended the victim's funeral did not give rise to an appearance of bias that would prevent him from presiding over the criminal prosecution of the defendant charged with the murder.

Second, as discussed above, in many recusal cases courts have not found an appearance of impartiality where the judge had previously prosecuted the defendant in an unrelated criminal proceeding and was presiding over the defendant's subsequent criminal prosecution. The facts of the matter before this Court make an even more convincing case against recusal. This matter is not a criminal prosecution of Tutein, but rather a civil proceeding to compel arbitration in a contract dispute. Moreover, Tutein is not even a party in this matter. Rather, a business entity that CBP asserts is owned by Tutein is a defendant. *See, e.g., Greater N.Y. Mut. Ins. Co. v. North River Ins. Co.*, Civ. Nos. 94-5223 and 94-5554, 1995 U.S. Dist. LEXIS 4794, at *9 (E.D. Pa. Apr. 10, 1995) (finding that no reasonable person would harbor doubts concerning the court's impartiality where, *inter alia*, there was a lack of identical parties between a previous action in which the trial judge had been involved and the subsequent action). On these facts, the Court finds that the undersigned's criminal prosecution of the owner of a defendant in a subsequent civil proceeding would hardly "trigger . . . an attitude or state of mind so resistant to fair and dispassionate inquiry as to cause a party, the public or the reviewing court to have reasonable grounds to question the neutral and objective character of the [undersigned's] rulings or findings." *See Liteky v. United States*, 510 U.S. 540, 549, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994).

Finally, the long passage of time since Tutein's prosecution—approximately nine years—lends further support to the conclusion that no reasonable person could question the Court's impartiality in this matter. *See, e.g., Cipollone v. Liggett Group, Inc.*, 802 F.2d 658, 659 (3d Cir. 1986) (citing with approval cases in which judges had not been disqualified despite having represented or prosecuted parties before them as little as four years before the date of the subsequent proceeding), *cert. denied*, 479 U.S. 1043, 107 S. Ct. 907, 93 L. Ed. 2d 857 (1987); *see also Schurz Communs. v. FCC*, 982 F.2d 1057, 1061 (7th Cir. 1992) (Posner, J.) (noting that in ruling on a recusal motion based on the judge's involvement in a previous matter, "[t]he lapse of time is of course one factor"); *Greater N.Y. Mut. Ins. Co.*, 1995 U.S. Dist. LEXIS 4794, at

\*9 ("Due to the eight year passage of time since my involvement [in the previous matter], no reasonable person would harbor doubts concerning my impartiality.") (quotations, citations and alterations omitted).

For the reasons given above, it is hereby

**ORDERED** that the motion for recusal is **DENIED**.